The Central Railroad vs. Freeman.

## THE CENTRAL RAILROAD vs. FREEMAN.

1. The court committed no error in stating the issues to the jury, when he informed them that the plaintiff claimed that the injuries received disabled him from performing his ordinary labor.
2. There was no error in charging to the effect that the burden was on the plaintiff to sustain his allegations as to the injury sustained by him; that, to entitle him to recover, he must produce evidence sufficient to satisfy the jury that he has sustained an injury, and that such injury was the direct and proximate consequence of the defendant's negligence; for, to constitute an actionable tort, there must be damage to the plaintiff and negligence by the defendant, causing the injury. Especially is this true, where the question of negligence was fully and fairly submitted to the jury, and they were instructed that they only could find the fact.
3. The charge excepted to in the third ground of the motion for new trial was not error, and did not express any opinion on the facts, when taken in connection with its context. In stating the issues, to say that a party " brings evidence to show," etc., is not to express an opinion as to what has been proved.
4. There was no error, after charging that a railroad, as a common carrier, was bound to use extraordinary diligence to transport passengers safely, and to protect them from injury, in adding that, where a casualty occurred, it would authorize an inference that it was occasioned by defendant's negligence, and from it the jury might presume negligence.
5. The court did not go outside of the case made by the pleadings in charging that it was the duty of the defendant to provide a safe track, comfortable cars, sufficient couplings, coupling-pins, etc. There was nothing in this to mislead the jury or divert their attention from the real issues in the case.

6 There is nothing objectionable in the charge excepted to in the sixth ground of the motion for a new trial; it is as favorable to the defendant as it could, with legal propriety, have been, and pointed out clearly the care and diligence that would excuse the defendant for the use of defective machinery in the running and use of its road and cars.

7. There is nothing in the seventh ground of the motion. It does not appear how the court failed to confine the jury in their finding to the special matters of negligence set out and relied on by the plaintiff in his pleadings.

(a.) Vague and general exceptions make no issue of law that can be passed upon by this court.

8, 9 The courts go very far to sustain verdicts and to avoid setting them aside. They must cover the issues made by the pleadings; but before they will be set aside for a failure in this respect, the deficiency must be made apparent. They are to have a reasonable intendment and to receive such a construction as will prevent their being avoided except from necessity; and to obviate this, they may be so amended as to make them conform to the pleadings; and where part is illegal, that may be written off. The verdict in this case covers the issues.

(a.) Where there are several pleas filed, a verdict for the defendant must show on which of the pleas it is rendered; but where the jury found for the plaintiff, it was, in effect, a finding against all of the pleas.

10. The declaration in this case alleged both general damages and also special damages, consisting of charges for attendance of physicians, medicines, etc. The defendant had paid certain charges of this character, and a receipt of an itemized bill was taken. It was in dispute whether or not this was a complete settlement of all such claims or only those to the date of the receipt. The charge fully submitted the facts; and there was no authority for finding separately on such questions.

11. Although this court, if it occupied the place of a jury, might not have found the verdict which was found, yet it was not so excessive as to show plainly that the jury were influenced by bias to the plaintiff or prejudice against the defendant, or that they misapprehended the case; and their finding having been approved by the presiding judge, this court will not interfere especially after a second verdict for the plaintiff.

December 1, 1885.

Railroads.  Damages.  Negligence.  Charge of Court. Words and Phrases.  Diligence.  Presumptions.  Prac-

tice in Supreme Court. Verdict. Before Judge HUTCHINS. Bibb Superior Court. October Term, 1884.

Reported in the decision.

LYON & GRESHAM; A. R. LAWTON, for plaintiff in error

HILL & HARRIS: BACON & RUTHERFORD, for defendant.

HALL, Justice.

This case has been twice tried; both verdicts were in favor of the plaintiff; the first was set aside, and a new trial granted. There was no appeal to this court from the grant of the first new trial, as the plaintiff alleges, in defence to the rule laid down as governing such cases.

The defendant asks that the second verdict be set aside and a new trial be granted, upon the following grounds:

(1.) Because the court, in stating to the jury the claims made by the plaintiff in his case for injuries alleged to have been sustained by him, said, among other things, that if the injury received by the plaintiff "disabled him from ordinary labor," etc.,—the plaintiff not having so claimed, and the statement thereof being calculated to mislead the jury.

(2.) Because, after charging the jury that the burden of proof is on the plaintiff to sustain the allegation, and that, to entitle him to recover, he must produce evidence sufficient to satisfy the jury that he has sustained an injury, the court then erred in charging, "and that that injury was the direct proximate consequence of the negligence of the defendant."

(3.) Because the court, in stating to the jury, in his charge, "to support his allegation the plaintiff brings evidence to show, 1st, the relation he bore to defendant, in order to raise a duty on defendant's part towards him, 2nd, the casualty and injury; 3rd, what ought to have been done by defendant and what actually was done."

(4.) Because the court, after charging that the defendant, as a carrier of passengers, was bound to use extraordinary diligence on behalf of itself and agents to safely transport the plaintiff and to protect him against injury to his person, erred in charging, " Where a casualty is shown to have occurred, it would authorize an inference that they were negligently done." Again, " and so, when the defendant owed a special duty of care to the plaintiff, a casualty is evidence from which the jury is authorized to presume negligence."—More especially are these propositions erroneous when applied to issues and different special grounds of negligence set out and relied on in the plaintiff's declaration, from each of which it was alleged the injury to the plaintiff resulted.

(5.) Because, having reference to the pleadings and issues in this case and the law, the court erred in charging the jury that " the measure of defendant's duty is to provide a safe track, comfortable cars, ample couplings, coupling-pins, and all the other appliances necessary for the safety of its passengers, and that its agents or servants operate them in a careful and skillful manner, so as to render it reasonably certain that the passenger will suffer no injury to his person while being carried over its road. If the defendant failed to exercise the degree of care required of it in these respects, it is chargeable with neglect, and is liable in damages for any injury resulting therefrom."

(6.) Because the court erred in charging the jury that if, in selecting and furnishing material, machinery and all.appliances necessary for these purposes, the defendant, acting through its officers and agents (as all corporations must), used proper care and diligence to ascertain by proper inspection and tests whether or not the machinery and app'iances were sound or defective, and furnished none but what appeared to be free from defect, and were adapted to the purposes intended, so far as such examination enabled them to determine, then they filled the meas-

ure of their duty in this respect, and would not be liable for any injury which may have occurred; and this is the rule, notwithstanding the casualty may have resulted from actual defect in any of the appliances so furnished (as in a coupling-pin), provided such defect, if it existed, was so hidden as not to be discernible by careful examination.

(7.) Because the court erred in not confining the jury in their finding to the special matters of negligence set out and relied on by the plaintiff in his pleadings.

(8.) Because the verdict of the jury does not meet and cover the issues made by the pleadings on the part of the plaintiff in this: 1st. The plaintiff alleges the injury was caused by the breaking of a defective coupling pin. 2d. By the breaking of a coupling pin by an improper and unnecessary jerk of the train, by the engineer's sudden application of steam. 3d. By failure of the company to send a messenger far enough back on the track after the stopping of the train to warn the following freight train in time to stop before reaching the standing train, having time enough to do so. 4th. By the failure to make the proper connections after the parting of the trains, and moving the whole train out of the way before the following train reached that point, having time to do so. 5th. By the trains' getting out of time, off their regular schedules and all mixed up on the same schedule. 6th. Because the train on which plaintiff was a passenger was behind time and not on its schedule at the time of the collision. The verdict does not specify on which of these grounds of negligence the finding was made, or on which of them the defendant was at fault.

(9.) Because the verdict does not cover the issues made by the defendant's special plea of having fully settled with and paid the plaintiff for all special damages sustained by plaintiff as set out in plaintiff's declaration, other than such personal or bodily injuries, if any such were sustained by him. It, the verdict, fails to show how much damages are awarded for the actual personal or bodily injuries, if

any, or how much for the special claims set out and sued for.

(10.) Because the court erred in charging the jury, at the request of the plaintiff, as follows: "The defendant files a special plea as follows: 'That for all special damages sustained by plaintiff, as alleged in his declaration, if any was actually sustained, paid out or sustained by him other than such personal or bodily injuries, if any such were sustained by him, this defendant has fully settled with and paid said plaintiff for all such, and at his special instance and request.'

"If you believe from the evidence that the amount paid by the defendant, to-wit, about $78.00, if that was the amount, was in full of all special damages, such as doctor's bills and medicines, and other special damages, then you will find for the defendant on that plea as to such special damages, and not include anything on that account, if, in your verdict, you should find any amount of damages for plaintiff.

"The plaintiff, on the other hand, contends that the amount of $62.75 (if that was the amount paid on the bill made out December 13th, 1883) was for damages to personal effects which are not now sued for, and that the expenses for medicine and doctor's bills in that bill were only up to date of that bill, and that the payment made did not cover or include special damages, such as bills for medicine and doctor's bills, subsequently incurred.

"If you find from the evidence that the payment made was only for such special damages up to date, and not in full of such expenses as were subsequently incurred, then I charge you that you would be authorized to find for the plaintiff the amount of such expenses or special damages subsequent to said payment (as the evidence shows you to have been incurred, as it shows them), provided the evidence satisfies the jury that such expenses were incurred as a necessary and direct consequence of any injury sustained by the negligence of defendant, and having arrived

at the amount of such expenses, you should include it in the amount of damages you may award if you should award any amount of damages in favor of the plaintiff."—The defendant insisting that the jury, under the issues made by the pleas, should have found either for the defendant on this plea, or if for the plaintiff, then they should have found the amount of such special damages, and the court erred in directing the jury to include such amount, when found, in the damages they might find for the plaintiff.

(11.) The verdict of the jury was illegal and incomplete, because there was no special finding on this plea of defendant.

(12.) The verdict of the jury was contrary to the evidence.

(13.) The verdict was contrary to law.

(14.) The verdict was excessive as to the amount of damages found. Upon each and all these grounds a new trial was refused, and the defendant excepted.

1. The court committed no error in stating the issues to the jury, when he informed them that the plaintiff claimed that the injuries received disabled him from performing his ordinary labor; this is made one of the grounds of damage, if not in the original, at least in the amended declaration, and had reference only to such labor as he was accustomed to perform in the discharge of his usual avocations.

2. In addition to what is excepted to in the second ground of the motion, and as a part of the same sentence, the court charged the jury, "The burden of proof is on the plaintiff to sustain his allegations as to the injury, and to entitle him to recover, he must produce evidence sufficient to satisfy them that he has sustained an injury, and that such injury was the direct and proximate consequence of the defendant's negligence; for, to constitute an actionable tort, there must be damage to the plaintiff and negligence by the defendant, causing the injury." We are unable to discover the least error in this charge, especially

v 75-22

when the question of negligence was fairly and fully submitted to the jury, and they were instructed that they only could find this fact.

3. We do not think that the charge excepted to in the next ground of the motion is amenable to the criticism made upon it by the defendant, especially when taken in connection with what immediately preceded and followed it; the judge did not thereby express any opinion as to what had or had not been proved; indeed, he was very careful, throughout his entire charge, to disclaim any such purpose. The paragraph in question occurred in stating the issues, which were fully and fairly submitted, and was merely introductory to the main charge; besides, to say that a party "brings evidence to show," is not an affirmation that it does show the facts stated, and is quite distinct from, and opposite to, an assertion that he brings facts that show such and such things; the one form of expression merely designates the purpose for which the evidence is introduced; the other is a positive declaration that it establishes those facts.

4. There was no error, after charging that the defendant, as a common carrier, was bound to use extraordinary diligence to transport passengers safely and to protect them from injury, in adding that, where a casualty occurred, it would authorize an inference that it was occasioned by defendant's negligence, and from it the jury might presume negligence. It is true that the section of the Code, 2067, imposing this strict rule of diligence on carriers of passengers, does not in terms declare that, in all cases of injury to them—as does section 3033 of the Code, which prescribes " all ordinary care," etc., to railroad companies and their agents to prevent injuries by the running of their trains to persons, stock and property, " the presumption is in all cases against them," but it does contain what is equivalent in these words: " But he" (the carrier) " is not liable for injuries to the person after having used such (extraordinary) diligence." Whether this is a correct

view is quite immaterial, since the common law, which imposed the same rule of diligence, asserts in unequivocal language, that when an injury is shown, the plaintiff proves a *prima facie* case of negligence against the party having the railroad and train under his exclusive management. Carpue *vs.* The London & Brighton Railway Co., 5 Adol. & Ellis, N. S., 747 (48 Eng. C. L. R.), cited with approval in Skenner *vs.* The London, Brighton & South-Coast Railway Co., 5 Exch. R., 787. It would seem anomalous to relieve a person of whom was required a higher degree of diligence from a burden imposed on one from whom was exacted a lower degree, and the distinction here attempted to be drawn has never, that we are aware of, been recognized by our own courts.

5. The court did not go outside of the case made by the pleadings in charging that it was the duty of the defendant to provide a safe track, comfortable cars, sufficient couplings, coupling-pins, etc.; there was nothing in this to mislead the jury or divert their attention from the real issues in the case.

6. There is nothing objectionable in the charge excepted to in the sixth ground of the motion for a new trial; it is as favorable to the defendant as it could with legal propriety have been, and pointed out clearly the care and diligence that would excuse the defendant for the use of defective machinery in the running and use of its road, cars, etc.

7. There is nothing in the seventh ground of the motion. It does not appear how the court failed to confine the jury in their finding to the special matters of negligence set out and relied on by the plaintiff in his pleadings. Such vague and general exceptions make no issue of law that can be passed upon by this court. They specify no decision complained of and set forth neither plainly nor otherwise any errror whatever.

8, 9. The verdict of the jury meets and covers every issue made by the pleadings on the part of the plaintiff,

as specified in the eighth ground of the motion, as well as those made by the defendant's special pleas, as set out in the ninth ground of the motion. The courts go very far to sustain verdicts and to avoid setting them aside. It is true that they must cover the issues made by the pleadings, (Code, §3559), but before they will be disturbed for a failure in this respect, the deficiency must be made apparent. *Gunn vs. Barrett,* 69 *Ga.,* 689. They are to have a reasonable intendment, and to receive such a construction as will prevent their being avoided except from necessity. Code, §3561. To obviate this, they may be so amended as to make them conform to the pleadings, and where partly illegal, that part may be written off. *Steed vs. Cruise,* 70 *Ga.,* 168; *Carter et al. vs. Lipsey, Ib.,* 417.

In connection with the foregoing grounds of the motion for a new trial, the eleventh ground should be considered as germane to them. It is true, where there are several pleas filed, a verdict for the defendant must show upon which of the pleas it is rendered. Code, §3560. The verdict in this case was for the plaintiff, and being for him, it is to be presumed it was the intention of the jury to find against all of the defendant's pleas; indeed, such a verdict renders it impossible that they should have found in favor of either of them; it necessarily negatives each and all of them. *Jernigan vs. Carter,* 60 *Ga.,* 131.

10. The charge of the court was full, fair and explicit as to the matters embraced in the tenth ground of the motion. The declaration alleged both special and general damages; the special damages consisted of certain claims for the attendance of physicians, medicines, etc., administered to plaintiff. There was no charge for damage done to personal property by the casualty. They, together with certain charges for medical attendance, had been paid by the defendant, and plaintiff had receipted for the amount so paid, and furnished the items that made up the aggregate for which he so receipted. The defendant pleaded that this was a settlement in full of all such claims, as well such

as were past as those incurred after the date of the receipt. This the plaintiff controverted, and showed from the items covered by the receipt that the physician's bill and the charge for medicine were only " to date." Every fact bearing upon these disputed points was properly submitted by the clear, explicit, comprehensive and methodical charge of Judge Hutchins to the jury. It is true that he did not instruct them that they should find separately as to the different kinds of items going to make up the damages which were claimed by the plaintiff, and had he done so, we think it would have been error. There were no such issues as required the jury to find a special verdict, or to mould it in the same manner as a decree in equity. Code, §3562. There were no equitable pleadings to take the case out of the general rule that it must cover the issue made by the pleadings, and must be for the plaintiff or defendant. *Id.* §3559.

11. The general grounds that the verdict is contrary to law and evidence, that it is decidedly and strongly against the weight of evidence, without evidence to support it, and that the damages found are excessive, make the only remaining questions to be considered. It may be, that had we been on the jury, we could not have consented to such a finding, but in reviewing their action, we cannot assume their functions and direct them to do what they should have done; especially is this the case where there have been two concurrent findings, and the judge who presided at the last trial committed no error against the party complaining, and does not feel authorized to disturb the verdict, at least where there is evidence to sustain it, albeit the weight of evidence may be against it. These are rules too long established and too generally acquiesced in to be departed from, except for grave causes. The finding of damages may be heavy, yet it is not so excessive as to plainly show that the jury was influenced by bias to the plaintiff or prejudice against the defendant, or that they misapprehended the case they were called upon to try.

The plaintiff's own testimony made out a case of very serious injury, which was undoubtedly modified to a considerable extent by other facts in evidence, coming from his own witnesses, and even by his cross-examination (for the defendant introduced no testimony), both as to the character of injury and its probable duration, and while, if we had the power, we would willingly modify this finding, yet we have too often held that we possessed no power, either to reduce damages in such cases, or to interfere with the conclusion of the jury as to the credit to be given to the witnesses, to now depart from these well-settled principles. We are, therefore, compelled, however reluctantly, to uphold this verdict; but had there been the least error in any of the rulings or charges of the court, affecting this result, we should have availed ourselves of it to set the verdict aside and to give the defendant another hearing.

Judgment affirmed.