4434. STANDARD FASHION CO. *v.* NEWTON-HART CO.

1. Where suit is brought upon an open account which is verified as pre-scribed by law, an unverified plea denying indebtedness may be amended at the trial term by annexing a verification.
2. Where suit is brought upon an open account for goods sold and de-livered under a written contract, a plea should not be allowed which avers that the goods could not be sold because they were old and out of style, but does not allege that they were not of the kind or quality described in the contract, or that the plaintiff has failed to comply with any of the terms thereof.

DECIDED DECEMBER 21, 1912.

Action for breach of contract; from city court of Sylvania—Judge Boykin.    September 10, 1912.

*White & Lovett,* for plaintiff.    *J. W. Overstreet,* for defendant.

POTTLE, J.    This was an action on an open account for goods sold and delivered under a written contract.    The contract was executed January 26, 1910.    It was to remain in force for three years from the date of the first shipment of the goods therein described, and from year to year thereafter until terminated by written notice as provided in the contract.    Under the contract the defendant purchased $100 worth of standard patterns, "assortment to include styles of April issue."    It was further provided that additional patterns would be furnished from time to time as ordered by the purchaser.    The contract recited: "Commence these orders for monthly goods for April issue, and continue during term of this arrangement."    It was further provided that in each January and July the patterns which had been discarded were to be delivered to the seller for credit at nine tenths their cost, in exchange for other patterns, to be shipped thereafter, and that at the termination of the contract all patterns on hand were to be returned for cash credit at three fourths their cost.    The purchaser agreed to keep a stock of patterns on hand at or above the value of $100, except during July and January, and further agreed to

handle the seller's patterns exclusively. The account sued on was verified as provided by law, and at the appearance term the defendant filed an unverified answer, containing a general denial of indebtedness. At the trial term, over objection of the plaintiff, the defendant was allowed to amend its answer by adding a verification thereto. Also, during the trial, the defendant amended its answer over objection of plaintiff, by alleging, that the patterns delivered to it under the contract "were not as represented;" that they were old, out of style, and unsalable, and for this reason were worthless, and the consideration had entirely failed. The defendant further averred that it had about 1,200 of the patterns on hand, and offered to return them to the plaintiff without cost. The objection to this amendment was that it set forth no defense, and was an effort to vary the terms of a written contract. The jury returned a verdict in favor of the defendant, and the plaintiff's motion for a new trial was overruled.

1. The statute required the defendant's answer to be verified. Civil Code (1910), § 4728. But the verification could be added by amendment. *Ward* v. *Frick Co.*, 95 *Ga.* 804 (22 S. E. 899); *Rodgers* v. *Caldwell*, 122 *Ga.* 279 (50 S. E. 95); *Patton* v. *Bank of LaFayette*, 124 *Ga.* 967 (72 S. E. 247). Inasmuch as the original answer contained a general denial of any indebtedness to the plaintiff, this was enough to amend by.

2. We do not think, however, that the amended answer was good in substance. The parties entered into a written contract by the terms of which the defendant was to sell exclusively, during a period of three years or longer, patterns to be delivered by the plaintiff from time to time as stipulated in the contract. The shipments of patterns were to begin with the month of April, and to continue during the contract. This language is somewhat ambiguous, but means apparently that the patterns were to be shipped out each month in accordance with styles then prevailing. Additional patterns were to be shipped as ordered by the purchaser from time to time. There is no plea that the seller did not comply with its contract. There is no averment in the plea that the first assortment of patterns did not include the styles of April as stipulated in the contract. Nor is there any plea that shipments were not made from time to time, either upon orders of the purchaser

or otherwise, in strict accordance with the contract. It is alleged that the patterns were old and out of style and unsalable. All of this might be true, and yet the patterns might still be such as were described in the contract. Evidently the parties contemplated that all of the patterns could not be sold, because it was expressly provided that twice a year patterns that were out of style, out of date, and unsalable might be delivered back to the seller and credited at nine tenths their cost in exchange for other patterns. And it was further provided that, at the termination of the contract, all patterns unsold could be returned for cash credit at three fourths of their cost. The defendant contracted to take and pay for the plaintiff's patterns when shipped in accordance with the contract. There is neither plea nor proof that "standard patterns" as described in the contract were not shipped at the times therein referred to.

The testimony for the plaintiff shows that it complied literally with its contract in every particular, and practically the only defense offered by the defendant was that it could not sell the patterns. There was no guarantee in the contract that the patterns could be sold, and the seller is remitted to his contract for the rebate therein provided for all unsalable patterns. The defendant's plea was good in so far as it contained a general denial of indebtedness. But those paragraphs of the plea which sought to set up as a defense that the patterns were unsalable and not as represented ought to have been stricken. If the defendant means to plead that the patterns were not of the kind contracted for, it is quite an easy matter to allege this distinctly. If the defense is that the plaintiff delayed shipment until the patterns were out of style, or did not ship the particular patterns which it was placing upon the market during the month in which they were shipped to the defendant, then this could be distinctly alleged. But simply to aver that the defendant could not sell the patterns because they were old and out of date is not equivalent to an allegation that the patterns shipped were not of the kind contracted for. Unless the defendant will amend and make its allegations more specific in these respects, its amended plea should be stricken; and upon a general denial, the plaintiff would be entitled to recover, unless the defendant can show either that it did not get the goods or has

paid for them.    It results from what has been said that the court erred in allowing the amended plea, and everything that occurred thereafter during the progress of the trial was nugatory.

*Judgment reversed.*