## BARLOW v. BARLOW.

GILBERT, J. Ila May Barlow filed a suit against her husband, Lonnie Barlow, praying for a divorce and "for permanent alimony for the support of herself and also for said minor child until she is 21 years of age;" and also for temporary alimony and attorney's fees. On the second trial of the case the jury returned a verdict granting a total divorce to the plaintiff; and for alimony as follows: "We further find that defendant pay to the Ordinary of Pulaski County, Ga., as permanent alimony, the sum of ten dollars per month for the minor child, Bernice Odell Barlow, until she becomes twenty-one years of age, and the sum of five dollars per month for the plaintiff, Ila May Barlow, said payment to be made on the first day of each month, beginning April 1st, 1925." The defendant moved for a new trial on general and special grounds, which motion being overruled, he excepted. One ground of the amended motion complains of the following charge of the court: "The father is liable for the support of his minor child until it arrives at the age of 21 years. So if you find for the plaintiff you should also, in providing permanent alimony for her, specify what amount the minor child shall be entitled to for its permanent support; and in what manner, how often, to whom, and until when it shall be paid." The criticism is that "The law does not fix any time for which the amount to be paid for the support of the child shall be paid, but leaves it to the discretion of the jury to say in what manner, how often, to whom, and until when it shall be paid. The statement by the judge that 'the father is bound for the support of his child until it arrives at the age of 21 years' was misleading to the jury, that part of the charge not being applicable to this case, and leaving the impression with the jury that they were bound to fix the time for payment of the support of the child to be until it was 21 years of age." *Held:*

1. The portion of the charge here excepted to was erroneous. Civil Code (1910), § 2981. The latter part of the excerpt, instructing the jury to specify "how often, to whom, and until when" the alimony for the child should be paid, did not render harmless the previous statement that the father is liable for the support of his minor child until it arrives at the age of 21 years.

2. The statutory provision that the father is liable for the support of his minor child, contained in the Civil Code (1910), § 3020, has no application to proceedings for alimony.

3. Since the case is returned to the trial court for further proceedings, no comment is made upon the sufficiency of the evidence.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Atkinson, J., dissenting.*

*Marion Turner,* for plaintiff in error.   *H. E. Coats,* contra.