18790. ROSS *v.* RICHARDSON.

DECIDED MAY 15, 1928.

*Hatcher & Hatcher,* for plaintiff in error.

*Neill & McGee,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) The only point insisted upon in the brief of the plaintiff in error is that "he had the right to support his child at his own fireside, and that his wife, who wrongfully took the child away from his home, can not recover from him money which she voluntarily expended for the support of the child." Under the facts stated in the petition, there is no merit in this contention. Section 3020 of the Civil Code of 1910 provides that "Until majority, it is the duty of the father to provide for the maintenance, protection, and education of his child." These words are clear and unequivocal and make it the absolute duty of the father "to provide for the maintenance, protection, and education of his child" until the child reaches its majority. In the brief of counsel for the plaintiff in error it is stated that "it is not contended that he is not legally bound to support his child, nor that the divorce affected his legal obligation to do so, nor is it contended that a third person who did not take the child away from his home can not recover from him the value of necessaries furnished to the child if the child was destitute." The fact that at the time of the separation the mother "carried with her the then infant child about one year of age," and has since kept her, will not have the effect of abrogating the law which requires the father to support the child. Strong support for the ruling of the judge in overruling the demurrer is found in the following cases: In *Smith* v. *Smith,* 136 *Ga.* 531, 533 (71 S. E. 869), Mr. Justice Beck said: "A wife can not separate from her husband or live in a state of separation from him, take charge of the minor children, and maintain a suit against the husband for necessaries furnished them. If the husband had made no adequate provision for the support and maintenance of the children, and a stranger had furnished them the necessaries of life, he could maintain a suit against the deliquent father for the cost and value of the necessaries furnished; or a divorced wife, after the dissolution of the bond of marriage between herself and husband, where no provision had been made for the support of her minor children, might, just as a stranger (for after divorce she

would be a stranger), maintain an action against her former husband for necessary expenses incurred in maintaining and nourishing their minor children. *Brown* v. *Brown,* 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St. R. 229)." In the *Brown* case, just cited, the first headnote is as follows: "Where the wife, on account of the misconduct of the husband, obtains a decree granting her a divorce and awarding to her the custody of their minor child, and no question as to the support of such child by the father has been made or passed on, the father is not relieved of his legal obligation for a proper support of the child. If he fails or refuses to discharge this obligation, the mother, in an original action, may recover of the father the amount of expenditures made by her after such decree, for a proper support of such child." In *Waller* v. *Waller,* 163 *Ga.* 377, 380 (136 S. E. 149), Chief Justice Russell said: "As the father is by law required to support the child, unless by some judgment otherwise the mother has assumed or placed upon her the liability for its support, it seems plain that the trial judge did not err in granting the judgment allowed in this case. No misconduct of the mother will deprive an infant of its right to be supported by its father. Likewise, such infant can not be debarred of its rights in this respect by any judgment against its mother, even though incidentally and practically such infant might have been in a degree affected by the result of the judgment against its mother. So we hold that even though a mother might be altogether deprived of any right to alimony, no matter upon what grounds the judgment might be predicated, such wife and mother, having the custody of a child of her husband, and who is living separate and apart from her husband, is entitled to apply for alimony for the support of such child."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*