PATTERSON, administratrix, *v.* FOUNTAIN.

474

No. 12849.   June 14, 1939.   Rehearing denied July 14, 1939.

*L. D. Moore,* for plaintiff.   *J. D. Shannon,* for defendant.

Grice, Justice. The Code, § 110-101, declares that "The verdict shall cover the issues made by the pleadings, and shall be for the plaintiff or defendant." We are by another section of the Code reminded that "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction," and are admonished that they "shall not be avoided unless from necessity." § 110-105. By still another section it is provided that "If a part of a verdict shall be legal and a part illegal, the court will construe such verdict and order it amended by entering a remitter as to that part which is illegal, and give judgment for the balance." § 110-112. The only issue presented by the pleadings in the instant case was whether or not the plaintiff had title, and, if so, the amount of the mesne profits. A verdict should be confined to the issue made by the pleadings, and one which is not authorized by the pleading is erroneous. *Martin* v. *Nichols,* 127 *Ga.* 705 (56 S. E. 995). The usual verdict in a complaint for land is an expression by the jury that they find for the plaintiff, or the defendant, for the premises in dispute; and such a verdict is not too indefinite and uncertain to stand. *Grace* v. *Martin,* 83 *Ga.* 245 (9 S. E. 841). It has been held that a verdict in an ejectment case, that "We, the jury, find for the plaintiff," is in effect a finding in favor of the plaintiff for the premises in dispute; and the property being sufficiently described in the

declaration, the verdict is not void for uncertainty. *Johnson* v. *Jones*, 68 *Ga.* 825. In the instant case, had the verdict read: "We, the jury, find for the defendant," or "for the plaintiff," that would have been all that was necessary. Their verdict, however, went further. It read: "We, the jury, find in favor of defendant, establishing the line that was originally agreed upon by both contending parties in the year 1916, peaceably standing till 1933." That part of the verdict relating to the establishment of a line was a gratuitous finding, but not in conflict with the first part of the verdict which was a finding in favor of the defendant. We think the jury by their verdict determined with definiteness the only issue before them, and did not render a verdict which could be said to be indefinite and uncertain and therefore illegal.

The case differs from *Darien & Western R. Co.* v. *McKay*, 132 *Ga.* 672 (64 S. E. 785). That case was an appeal from the award of assessors in a statutory condemnation proceeding. In such a case the jury have no authority to give compensation in anything but money. The jury's verdict in that case not only awarded McKay a sum of money, but also "with the right to move all his improvements off the right of way." It was successfully attacked on the ground that it was not responsive to the issue. This court, holding that the whole compensation must be in money and could not include a right to remove the buildings, ruled that the verdict was void. In the case before us, we think that that part of the verdict upon the only issue that could have been submitted to the jury, to wit, a finding in favor of the defendant, was good and enforceable, and that the remaining part of the verdict, dealing with matters not involving any issue raised by the pleadings, was beyond the legitimate province of the jury, and should be disregarded as surplusage. To uphold a verdict otherwise definite and proper, by disregarding the surplusage, is a principle that has heretofore been acted upon by this court in *Worthan* v. *Brewster*, 30 *Ga.* 112, 115; *Knapp* v. *Harris*, 60 *Ga.* 399, 404; *Hudson* v. *Hawkins*, 79 *Ga.* 274 (4 S. E. 682); *North & South Street R. Co.* v. *Crayton*, 86 *Ga.* 499 (11 S. E. 877); and by the Court of Appeals in *Southern Ry. Co.* v. *Oliver*, 1 *Ga. App.* 734 (58 S. E. 244); *Geer* v. *Thompson*, 4 *Ga. App.* 756 (62 S. E. 500); *Monk-Sloan Supply Co.* v. *Quitman Oil Co.*, 10 *Ga. App.* 390 (73 S. E. 522); *Davis* v. *Preston*, 12 *Ga. App.* 65 (76 S. E. 760). The court did not err

in accepting said verdict, and in entering a judgment thereon in favor of the defendant; there being no assignment of error complaining of the fact that in entering judgment for defendant the court declared that a certain line between the parties was the true line.               *Judgment affirmed. All the Justices concur.*