MELL *v.* MELL.

No. 13149.   JUNE 14, 1940.

*J. G. Roberts* and *Morris & Welsch,* for plaintiff in error.
*Blair & Gardner* and *George D. Anderson,* contra.

REID, Chief Justice.   Jack Darden Mell brought suit against her husband, Herbert Mell, for temporary and permanent alimony, and for the custody and support of their three minor children.   The defendant denied any right of the plaintiff to alimony for herself, and by way of cross-complaint sought a divorce from her on the ground of cruel treatment.   He also claimed the right to the custody of the two older children, Claudia and Jacqueline, eight and three years of age, admitting his duty and willingness in such event to support and care for them.   He conceded that the plaintiff was entitled to support for the other child, who was only five months of age at the time suit was filed.   The first verdict was in favor of a total divorce "between the parties."   On the second and final trial (Code, §§ 2-4201, 30-101) the jury (a) denied the defendant a divorce; (b) awarded the plaintiff the custody of the two older children for nine months in each year from September 1 through May 31, and to the defendant for the remaining three months; (c) awarded to the plaintiff .the exclusive custody of the youngest child until he reached five years of age, after which his custody was to be divided between the parties for the same periods fixed in reference to the other two children; and (d) gave the defendant the right to visit said children at any time while in the custody of the

plaintiff. The jury further found that the defendant should pay to the plaintiff $75 per month for her support and $12.50 per month for each of the two older children while in her custody, to be increased to $20 each as they reached ten years of age, and $15 per month for the support of the youngest child until he reached five years of age, $20 per month until he reached ten years of age, and $30 per month until he reached seventeen years of age. As to each child it was provided that as he or she attained the age of seventeen years, "a trust agreement to become operative, providing for a college education, an amount not less than $500 per year each; all payments ceasing upon attaining age twenty-one years of each child." The defendant excepted to the overruling of his motion for new trial, and to the decree entered on the verdict.

■ Exception is taken to an instruction given to the jury, in part as follows: "Until majority it is the duty of the father to provide for the maintenance, protection, and education of his child or children. So that in fixing an allowance for the children, if you find in their favor, you would be governed by that rule of law; that is, to fix an allowance that would be sufficient to provide for the maintenance, protection, and education of the child or children . . up to the time of its majority." The first sentence of this instruction is in the language of the Code, § 74-105. The remaining part of the instruction is but the judge's application of that principle to the case at hand. The plaintiff in error contends in substance that the principle embodied in § 74-105, supra, has no application to a case of the present character, for the reason that under § 30-207 the permanent support to be fixed for the children is in all respects left to the discretion of the jury. Section 30-207 is as follows: "If the jury, on the second or final verdict, shall find in favor of the wife, they shall also, in providing permanent alimony for her, specify what amount the minor children shall be entitled to for their permanent support; and in what manner, how often, to whom, and until when it shall be paid; and this they also do, if, from any legal cause, the wife may not be entitled to permanent alimony, and the said children are not in the same category; and when such support shall be thus granted, the husband shall likewise not be liable to third persons for necessaries furnished the children embraced in said verdict who shall be therein specified." It seems clear that under this section the jury

is vested with a discretion as to the amount, character, and duration of the permanent support to be awarded to the child or children of the unsuccessful marriage, and that the instruction, that if the jury found in favor of the children, they should fix an allowance that would be sufficient to provide for their maintenance, protection, and education until their majority, is erroneous. See *Barlow* v. *Barlow, 161 Ga.* 202 (129 S. E. 860). This left the jury to choose between a finding denying any support, or a finding fixing an allowance calculated to maintain them until their majority. The range of their inquiry is not so restricted. They are required to "specify *what amount* the minor children shall be entitled to for their permanent support; and *in what manner, how often,* to whom, *and until when it shall be paid."* The amount found may be in a lump sum which they may provide shall be paid at once or in installments. This amount may or may not be calculated to support the child or children until their majority. Again, the amount may be a sum calculated to cover the current needs of the child or children, and be payable at appropriate intervals. They must provide "until when it shall be paid," and this, if the facts should warrant, may be fixed at a period less than the period of minority of the child.

This does not, however, lead us to the conclusion that the principle inhering in § 74-105 is wholly irrelevant to the case and should in no event be given in charge to the jury. We venture to say that the remedy afforded by § 30-207 would not have come into being except for a recognition by the General Assembly of the existence of the legal duty of a father to support his minor children as provided in § 74-105, and that that duty should not as a matter of law cease upon a separation or divorce of the parents. See *Ross* v. *Richardson,* 38 *Ga. App.* 175 (143 S. E. 446) ; *Jones* v. *Jones,* 141 *Ga.* 523 (81 S. E. 441) ; *Ellis* v. *Hewett,* 15 *Ga. App.* 693 (84 S. E. 185) ; *Maddox* v. *Patterson,* 80 *Ga.* 719 (6 S. E. 581) ; *Brown* v. *Brown,* 132 *Ga.* 712 (64 S. E. 1092, 131 Am. St. R. 229) ; *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992) ; *W. & A. R. Co.* v. *Williams,* 22 *Ga. App.* 192 (95 S. E. 738). The General Assembly in providing this remedy apparently thought that the right of action given to third parties against the father for necessaries furnished by them to the minor children (which action is also based on the principle found in the Code, § 74-105). was at

best inadequate for their full protection. We think that it is a reasonable conclusion that the principle of § 74-105 is in fact the foundation upon which the remedy provided in § 30-207 rests. When viewed in connection with the remedy provided in § 30-207, the principle operates to authorize, though it does not require, the jury to find a support for the minor children until their majority. While a discretion connotes the lack of any rule requiring the jury in all such cases to make a particular award, it does not mean that they should not be given any rule or principle which they might consider in the exercise of their discretion. In settling the question of a permanent support for a minor child of an unsuccessful marriage, the jury might find that the child is of sufficient age and capabilities to earn his own livelihood, and that the circumstances of the case require him to do so. In this event they would deny support. Or they might find that the child, though not presently capable, would be able to and should support himself before he reached majority, and in this event find a support for him for a period less than the time of his minority. There are other considerations that might cause the jury to deny any support to the child or to provide a support for less than the period of his minority. On the other hand there are considerations which might cause them to find a support for the child until his majority, and one of these might well be the general duty placed by the Code, § 74-105, on a father to support his minor children. In the *Barlow* case, supra, the provisions of § 74-105 were given in charge without proper qualification, and in such a manner as to lead the jury to believe that they were *required* to find a permanent support for the child until his majority. In view of what has been said we are of the opinion that, as the court there ruled, this charge was erroneous; but we do not approve the full implication of the statement made therein as the basis for the holding, that § 74-105 has no application whatever to a case of this character.

It is pointed out by counsel for defendant in error that in immediate connection with the above-quoted instruction the judge charged the jury as follows: "Now the law does not undertake to regulate how the jury shall provide for the support. It is left very largely to the wisdom of the jury as to whether you find a lump sum, or whether you find the amount should be paid at intervals or in instalments. The law of the State provides that if the jury,

on the second or final verdict, find in favor of the wife, they shall also, in providing permanent alimony for her, specify what amount the minor children shall be entitled to for their permanent support, and in what manner, how often, to whom, and until when it shall be paid; and this they may also do if, from any legal cause, the wife may not be entitled to permanent alimony, and the children are not in the same category." This does not clarify the erroneous instruction. The substantial effect of the charge as a whole was but to inform the jury that if they found in favor of the children they should find an amount calculated to support the child until majority, and that they had the right to provide how it should be paid.

■ "Permanent alimony shall be granted in the following cases: 1. In cases of divorce as considered in Chapter 30-1. 2. In cases of voluntary separation. 3. Where the wife, against her will, shall either be abandoned or driven off by her husband." Code, § 30-210. The plaintiff's claim for alimony is based, not on a voluntary separation, but rather on an involuntary separation brought about by the alleged cruel treatment of the defendant. In *Durham* v. *Durham,* 156 *Ga.* 454, 457 (119 S. E. 702), it was said that "Cruel treatment which would justify a wife in leaving her husband and living in a state of separation from him, while he is willing to have her come back to his home and live with him, should have the same definition as the cruel treatment which would afford grounds for divorce." Cruel treatment which will authorize the grant of a divorce is well defined by former decisions of this court. In *Ring* v. *Ring,* 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878), it was said: "'Cruel treatment,' within the meaning of the Civil Code, § 2427 [1933, § 30-104], which provides that such treatment shall be a ground for divorce, is the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb, or health." It has many times been applied. *Ford* v. *Ford,* 146 *Ga.* 164 (91 S. E. 42); *Duren* v. *Duren,* 168 *Ga.* 76 (147 S. E. 74); *Phinizy* v. *Phinizy,* 154 *Ga.* 199 (114 S. E. 185); *Smith* v. *Smith,* 167 *Ga.* 98 (145 S. E. 63); *Smith* v. *Smith,* 119 *Ga.* 239 (46 S. E. 106); *Duncan* v. *Duncan,* 183 *Ga.* 570 (189 S. E. 18); *Wilkinson* v. *Wilkinson,* 159 *Ga.* 332 (125 S. E. 856); *Wood* v. *Wood,* 179 *Ga.* 635 (176 S. E. 483). See *Ray* v. *Ray,* 106 *Ga.* 260, 263 (32 S. E. 91);

*Myrick* v. *Myrick,* 67 *Ga.* 771. Applying this principle to the evidence in the present case, we think that the jury was authorized to find in favor of the plaintiff.

The only error appearing is with reference to the charge of the court discussed in the first division of this opinion. That charge. related only to the support to be found in favor of the minor children. It could have had no possible effect upon the jury in finding alimony for the plaintiff. Since we have reached the conclusion that the evidence supported the verdict finding alimony for the plaintiff, we see no good reason why the verdict to that extent should not stand. "The Supreme Court is authorized to make a final disposition of a case, and to give it such direction as is consistent with the law and justice applicable to it, and as will prevent the unnecessary protraction of litigation." *Robinson* v. *Wilkins,* 74 *Ga.* 47 (1 *b*) ; *United States Fidelity & Guaranty Co.* v. *Clark,* 187 *Ga.* 774, 793 (2 S. E. 2d, 608), and cit. Accordingly, we give direction that a new trial be solely with reference to the permanent support to be awarded the children, and that the verdict in favor of the wife for alimony be allowed to remain in full force and effect.

*Judgment reversed, with direction. All the Justices concur.*