NORVELL *v.* NORVELL.

No. 13592.   APRIL 15, 1941.

*H. W. McLarty,* for plaintiff in error.   *Reynolds & Brandon,* contra.

ATKINSON, Presiding Justice.   On February 12, 1936, a wife instituted suit in Fulton County for divorce, alimony, and attorney's fees, returnable to the next ensuing May term.   Two days thereafter the parties and their respective attorneys signed an agreement in which, after fully describing the case, the following was stated: "The parties to the above-stated case hereby settle by agreement the questions of alimony and attorney's fees, as follows: The defendant agrees to pay and the plaintiff agrees to accept $15 per week as temporary and permanent alimony for the support of herself and minor child, beginning Saturday, February 15, 1936, plus $5 additional quarterly, or every 3rd month, beginning May, 1936, for the boy R. E. Norvell Jr., and $50 attorney's fees, to be paid to  .  .  attorney for plaintiff, in two payments of $25 each, May 10 and August 10, 1936.   The alimony payments are to continue so long as plaintiff remains unmarried.   In the event of her remarriage, then $7.50 per week shall be paid for the support of the minor child.   It is further agreed that an order of court may be taken making this agreement the judgment of the court in this case with reference to alimony and attorney's fees.   It is further agreed that said case may be tried at the first term."   On February 20, 1936 (before the first term), the judge signed an order which provided: "The foregoing agreement is hereby approved, and it is ordered that the defendant pay temporary alimony and attorney's fees as provided in said agreement."   On the same day the paper was filed in the office of the clerk of the court.   A first verdict for divorce was rendered at the first term.   A second verdict for total divorce was returned at the second term (July 7), in which both parties were allowed to marry again.   The verdict also declared: "We further find in favor of plaintiff permanent alimony according to the attached agreement."   On the date last mentioned the judge entered the final decree as follows: "Two concurring verdicts favoring a total divorce to plaintiff having been rendered in the within case, it is considered, ordered, and adjudged that said

marriage be and the same is hereby annulled and a total divorce granted between the parties, with liberty to the plaintiff to marry again. The defendant shall be at liberty to marry again. It is further ordered that defendant pay permanent alimony according to the attached agreement as found by the jury. The custody [of] LeRoy E. Norvell Jr. is awarded to plaintiff. Ordered further, that the defendant pay the cost of these proceedings."

■ "Divorces may be granted by the superior court, and shall be of two kinds—total and from bed and board. The concurrent verdicts of two juries, at different terms of the court, shall be necessary to a total divorce. A divorce from bed and board may be granted on the verdict of one jury." Code, § 30-101. And "the jury rendering the final verdict in a divorce suit may provide permanent alimony for the wife." § 30-209. "All cases, whether at law or in equity, in the courts of this State may be tried at the first or appearance term, provided the same is ready for trial, upon the consent of the parties thereto, which consent shall be entered upon the docket of the court." Ga. L. 1935, pp. 481, 482; Code Ann. § 81-1003. These Code sections are to be considered together with all regard for the constitutional requirement that "No total divorce shall be granted, except on the concurrent verdicts of two juries, at different terms of the court." § 2-4201. When so considered and applied, it is competent to try a divorce case, by consent of the parties, at the first term for a first verdict and at the second term for a second verdict granting a total divorce. The case of *Kantzipper* v. *Kantzipper,* 179 *Ga.* 850 (177 S. E. 679), where it was held that "The court was without jurisdiction to render a judgment for permanent alimony at the appearance term, and such jurisdiction of the subject-matter could not be conferred by the consent of the parties," followed in *Seigler* v. *Seigler,* 181 *Ga.* 310 (181 S. E. 822), was decided before passage of the act of 1935 (§ 81-1003), supra. Nor are those decisions authority for the proposition that the court would be without jurisdiction to render a judgment for permanent alimony *at the second term.* The agreement set forth above shows on its face that it had reference to the case. It was the only agreement mentioned in the record. Its contents, considered in connection with the other parts of the record, require an inference that it was a part of the record and the agreement referred to in both the final verdict and decree.

When so considered, the agreement became by reference a part of the verdict and decree. Treating the agreement as such part, the final verdict and decree for total divorce and permanent alimony were not void, as contended, for deficiency in relation to definiteness as to the amount of alimony, time of payment, or to whom it should be paid, and for whose benefit. The case differs from *Barlow* v. *Barlow*, 161 *Ga.* 202 (129 S. E. 860) ; *Mell* v. *Mell*, 190 *Ga.* 508, 510 (9 S. E. 2d, 756), relating to complaint of charges of the court on motion for a new trial, and there was no complaint by collateral attack that the verdict and decree were void, as in the instant case. The fact that the order of the judge first approving the agreement and granting temporary alimony was before the first term did not in any way militate against the final verdict and decree rendered at the second term. The judge did not err in overruling the general demurrer and the motion to dismiss.

■ After payment of alimony for several years in accordance with the decree, the defendant fell into arrears. The wife instituted contempt proceedings on August 30, 1940. Certain payments were made thereafter. At the time of the trial the arrearage amounted to eighty-five dollars. After hearing evidence as to arrearage, and the respondent's inability to pay, the judge rendered the following judgment: "The within and foregoing rule for contempt coming on to be heard and after hearing the evidence therein, it is ordered, adjudged, and decreed that the defendant R. E. Norvell is adjudged in contempt of this court for failing to comply with the terms and provisions of the decree rendered in this case on the 7th day of July, 1936, and in which the defendant was ordered to pay permanent alimony to the plaintiff. It is further ordered, however, that the defendant may purge himself of contempt by paying plaintiff the amount of alimony now due in the amount of eighty-five ($85.00) dollars, at the rate of five ($5.00) dollars per week, payable on Saturday of each week, beginning with the second day of November, 1940, and continuing on each succeeding Saturday until said sum is paid, said payments to be in addition to all future alimony that will mature after this date under the terms of said decree. It is further ordered, that should the defendant fail to make the payments herein provided for promptly when due, that the sheriff of Fulton County arrest him and confine him in common jail of Fulton County, Georgia, until the further

order of this court, without any further proceedings herein. This 25th day of October, 1940." In so far as the respondent was adjudged in contempt for failure to pay alimony accrued up to the time of the trial, the judgment was authorized by the pleadings and evidence, and showed no abuse of discretion.

■ The order is to be construed as applying only to the payments of $5 weekly, as "herein provided," covering the arrearage, so far as it authorized arrest and imprisonment "without further proceedings." When so construed, there was no error in the judgment, on the ground that it adjudged the defendant in contempt in advance for failure to pay future installments of alimony.

*Judgment affirmed. All the Justices concur, except*

ATKINSON, Presiding Justice, who dissents from the construction of the order as given in the last two sentences of the decision.