20134. KISER *v.* KISER.

DUCKWORTH, Chief Justice. 1. The subsequent cohabitation of a husband and wife, while annulling and setting aside all provisions made for permanent alimony for the wife, does not affect the rights of children under any deed of separation or voluntary provisions for alimony. Code § 30-217; *Henderson* v. *Henderson*, 170 *Ga.* 457 (153 S. E. 182); *Powell* v. *Powell*, 196 *Ga.* 694 (27 S. E. 2d 393); *Moss* v. *Moss*, 200 *Ga.* 8 (36 S. E. 2d 431); *Brown* v. *Brown*, 210 *Ga.* 233 (78 S. E. 2d 516), and cases cited therein.

2. Where, as here, in an action to cancel a deed, the petition shows that the consideration in the deed was $1 and in settlement of claims for support and alimony for a wife and children against the grantor—the grantor and grantee being husband and wife living in a bona fide state of separation at the time the deed was executed—it fails to allege a cause of action for the relief sought, since the deed cannot be canceled as a conveyance for support of the children, even though the alleged subsequent cohabitation of the grantor and grantee annulled and set aside the deed as to the alimony arrangement for the wife. *Clary* v. *Thornton*, 177 *Ga.* 833 (171 S. E. 704); *Brown* v. *Brown*, 210 *Ga.* 233, supra. This ruling renders all subsequent proceedings nugatory, and no ruling will be made on the other exceptions.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 15, 1958—DECIDED SEPTEMBER 5, 1958—
REHEARING DENIED OCTOBER 10, 1958.

*James R. Murphy, Thomas B. Murphy*, for plaintiff in error.
*Howe & Murphy, Harold L. Murphy, D. B. Howe*, contra.

