## 22511. COHEN v. BARRIS.

DUCKWORTH, Chief Justice. This case involves a suit for accounting and injunction brought by a father of minor children against his ex-wife, praying that the defendant be permanently enjoined from misusing funds intended for the benefit of the minor children, said funds having been paid by him to her for child support under an agreement incorporated in their divorce decree. The petition alleges that he has paid the defendant child support but their children have "come to petitioner stating that they need money and that defendant has stated to the children that they are destitute," and that "he has reason to believe that said sums have been used by defendant and her present husband for their benefit, and not for the benefit of the children" and the defendant has deposited

funds to her own account which were intended for support of the children, and the defendant has refused to furnish an accounting to him, and unless a court of equity compels the defendant to make an accounting the minor children stand to lose the benefit of money paid for their use and benefit. After the petition was amended to allege that the wife "acts as agent for the petitioner and as the trustee for said minor children," the court sustained a motion to dismiss, and the exception is to this judgment. *Held:*

While a divorced mother acts as trustee or guardian of minor children where they are awarded to her and the father is required to pay child support and can only use said support funds for the benefit of the children, *Thomas v. Holt,* 209 Ga. 133 (3) (70 SE2d 595), *Stewart v. Stewart,* 217 Ga. 509 (5) (123 SE2d 547), nevertheless the petition here fails utterly to show allegations of ultimate fact that the mother has misused or misapplied the funds or reasons why the petitioner is entitled to an accounting, there being none authorized at law, since the mere deposit of funds to her account does not show misuse and the allegations of "reason to believe" said funds have been misused fail to show allegations of ultimate fact of misuse, and the hearsay statement of the mother to the children that they are destitute, when admitted as true on demurrer, does not show misuse or misapplication. *Code* §§ 108-117; 108-118; 108-423. The court did not err in dismissing the petition, as amended, on motion.

*Judgment affirmed. All the Justices concur.*

Argued June 9, 1964—Decided June 15, 1964—
Rehearing denied July 6, 1964.

*Nall, Miller, Cadenhead & Dennis, Thomas A. Rice,* for plaintiff in error.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* contra.