### 23752. MOON v. MOON.

SUBMITTED OCTOBER 11, 1966—DECIDED OCTOBER 20, 1966.

*Merritt & Pruitt, Glyndon C. Pruitt,* for appellant.

*Joseph E. Cheeley,* for appellee.

GRICE, Justice. A divorce and alimony decree requiring the wife to pay a portion of a loan on real property awarded to her is the basis of this appeal. The decree was rendered in a suit by Mrs. Tommie Mae Moon against William B. Moon in the Superior Court of Gwinnett County.

The verdict of the jury awarded the property in question, a brick dwelling situated upon one and a half acres, more or less,

together with seven and a half acres in front of the dwelling, to the wife. This property was part of a 41-acre tract, the remaining 32 acres of which were awarded to the husband.

Although the evidence adduced upon the trial showed that there were indebtednesses upon this and other property of the husband also awarded to the wife, the verdict made no provision as to their payment.

Subsequently, the trial judge entered an order setting forth the verdict that had been rendered and reciting that the parties were unable to agree upon a decree, that the verdict appeared acceptable in law, and that the court had power to mould it so as to do justice to the parties. The order further stated that there was a loan of approximately $7,500 due a named bank upon the brick house and the 41-acre tract upon which it was situated and directed that each of the parties select an appraiser, who would select a third, to place a value upon the portion of the 41-acre tract awarded to the wife and upon the portion awarded to the husband. Accordingly, each of the parties selected an appraiser, and upon those two appraisers being unable to agree upon a third, the court appointed the third. The three appraisers placed a valuation of $16,000 upon each of the two portions of the 41-acre tract.

Thereupon, the trial court entered an order which recited the indebtedness, the jury's verdict and the appraisal, and provided that the wife and husband each pay one half of said indebtedness and that a decree be prepared embodying such order, together with other matters contained in the jury's verdict.

The decree then entered included provisions awarding the above mentioned portions of the 41-acre tract to the wife and husband, respectively, and ordered that each party "assume and pay one half of the present indebtedness due the" creditor bank on that tract, and that the husband execute the "necessary deeds and title instruments to the property herein awarded to" the wife.

Pursuant to her appeal from such decree, the former wife enumerates the following as error: (1) that the report of the appraisers was incomplete, that their appointment was without legal authority, and that the decree based on the appraisers'

return was erroneous and did not follow the verdict; (2) that the decree sought to add to the verdict; and (3) that the verdict was incomplete and did not fully determine the issues, and the trial judge had no authority to add to the verdict in the decree rendered.

In considering these enumerations of error the following matters relating to verdicts and decrees must be kept in mind: "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction . . ." (Code § 110-105); "The superior court may, in a proper case, mould the verdict so as to do full justice to the parties . . ." (Code § 110-106); "A verdict may be amended in mere matter of form after the jury have dispersed; but . . . it may not be amended in matter of substance . . ." (Code § 110-111); and "A superior court shall have full power to mould its decrees so as to meet the exigencies of each case . . ." Code § 37-1203.

As we analyze this record, it is not necessary to decide whether the appraisal was authorized or whether it was complete.

The controlling issue is whether requiring the wife to assume one half of the husband's indebtedness on the property in question was a substantial addition to the jury's verdict, contrary to the foregoing Codal provisions. In making this determination the jury's verdict and the final decree which contained such debt provision must be construed in the light of the pleadings and the evidence.

Here, the petition alleged that the husband owned the house in question and that the wife needed it as a place in which to live. She prayed that she be granted its permanent use as a part of her alimony. The husband's answer denied that she needed it or that she was entitled to it as alimony, and alleged that it was encumbered in the approximate sum of $7,750.

Each of the parties introduced evidence in support of the pleaded contentions. The jury was thus fully apprised that the wife was insisting upon the home as part of her alimony and that there was a debt on the 41-acre tract upon which the home was situated.

Thereupon, the jury returned its verdict: "Property to be divided as per sheet attached," such sheet, under the heading

of "Land and Houses," reciting "To Mrs. Moon—Brick home . . . [together with adjoining area and acreage]." It made no provision for the husband to pay off the debt on this property awarded to the wife.

From the foregoing we must conclude that the jury intended that the wife have this property as part of her alimony, but that she have it subject to the debt on it.

Therefore, the decree requiring the wife to pay a portion of the debt on the 41-acre tract was not a substantial addition to the verdict.

The determination by the trial court of the portion of the debt the wife should pay and the method used to make that determination, although unauthorized (see *Roberson v. Roberson,* 199 Ga. 627 (3) (34 SE2d 836)), do not constitute reversible error here since they were not harmful to the wife. Upon the trial the wife testified that the house should be worth $20,000, and the husband testified that it was worth from $18,000 to $20,000 and that the land would not bring as much as $400 per acre. Thus, the valuations used to determine the portion of the debt to be paid by the wife were more favorable to her than those given in evidence. Furthermore, an order of the court recited that it was undertaking the determination because the parties were unable to agree on a decree, and, so far as the record shows, the wife selected an appraiser without making any protest, thus acquiescing in the method used by the trial court in making the determination.

*Judgment affirmed. All the Justices concur.*