24871. REGISTER v. REGISTER.

SUBMITTED OCTOBER 14, 1968—DECIDED NOVEMBER 7, 1968.

*Kelly, Champion & Henson, John W. Denny,* for appellant.

*Roberts & Thornton, Jack M. Thornton,* for appellee.

ALMAND, Presiding Justice. Mrs. Evelyn Register filed her petition against her husband, Mandalay Register, seeking a divorce, custody of the parties' two minor children, alimony and support for herself and the two children and the award of the parties' home located at 5752 Perry Avenue, Columbus, Georgia, which was subject to an outstanding indebtedness. The defendant filed his answer to the petition, and the case came on for trial before a jury. On June 26, 1968, the case was tried, and the jury returned the following verdict: "We the jury find in favor of plaintiff for a divorce. We award the 1964 Chevrolet automobile and the furniture of the parties to plaintiff. We award a one-half undivided interest in the home at 5752 Perry Avenue, Columbus, Georgia, to plaintiff and further award her the right to the use and occupancy of said home until the younger child of the parties either becomes 18 years of age or

marries or dies or becomes self-supporting, whichever occurs first. We award the sum of fifteen ($15) dollars per week for each of the two children of the parties to be paid by defendant to the person having custody of them to continue until said child/children either becomes 18 years of age or marries or dies or becomes self-supporting, the occurrence of either event to terminate the support for the child/children affected. In the event plaintiff occupies said home at 5752 Perry Avenue, she shall be required to pay all mortgage payments due thereon as they fall due, all taxes and insurance premiums as they become due and she shall pay for the upkeep of said house in accordance with the needs thereof." Subsequently, the trial court made this verdict the judgment of the court.

Plaintiff appeals from this verdict and judgment and the denying of appropriate motions to set aside that portion of the verdict and judgment which provides: "In the event plaintiff occupies said home at 5752 Perry Avenue, she shall be required to pay all mortgage payments due thereon as they become due, all taxes and insurance premiums as they become due and she shall pay the upkeep of said house in accordance with the needs thereof." Plaintiff contends that this portion of the verdict and judgment is illegal, void and not authorized by law and imposes a condition that a jury and trial court are not authorized by law to affix upon plaintiff's right of occupancy of the home.

With this contention we cannot agree. In 27B CJS 54, Divorce, § 250 (4) (b) the general rule is stated as follows: "A decree for permanent alimony may contain provisions imposing such reasonable terms, conditions, and penalties as are deemed necessary under the circumstances." See 24 AmJur2d 778, Divorce and Separation, § 660. Besides awarding the plaintiff a 1964 Chevrolet automobile and the furniture of the parties, the decree in the instant case unconditionally awarded the plaintiff a one-half undivided interest in the home at 5752 Perry Avenue in Columbus, Georgia. However, the decree goes further and gives the plaintiff the right to the use and occupancy of the home for a designated period of time but places a condition upon this right by requiring plaintiff to make the mortgage, insurance and tax payments and to pay for the upkeep of the home if she elects

to occupy the home. The condition is not placed upon the receiving of the alimony itself, but is placed upon the right of occupancy if the plaintiff decides to occupy the home, which would include utilizing the defendant's undivided one-half interest therein. Such a reasonable condition is within the authority of a jury or trial court to impose upon the parties.

This court has expressly held that: "Incorporation into the final decree of divorce and alimony of the provision requiring the wife to assume and pay a portion of the husband's indebtedness on certain property awarded to her was not harmful error." *Moon v. Moon,* 222 Ga. 650 (151 SE2d 714). See *Standridge v. Standridge,* 224 Ga. 102 (6) (160 SE2d 377). Therefore, we are of the opinion that the above-quoted portion of the verdict and judgment which the plaintiff seeks to set aside was a reasonable condition which the jury and trial court were authorized by law to impose.

*Judgment affirmed. All the Justices concur.*