## 25370. EASTLAND v. CANDLER.

UNDERCOFLER, Justice. Mrs. Martha E. Eastland Candler filed a petition for contempt for nonpayment of alimony against John C. Eastland, her former husband. The petition for contempt filed on January 7, 1969, avers that the $3,600 alimony and the $250 attorney fees provided by the order of October 3, 1963, have not been paid.

The defendant moved to dismiss the contempt proceedings on two grounds. These were overruled by the trial judge. The trial court found that the plaintiff was entitled to collect

the alimony award and the attorney's fee award. The defendant appeals.

In his notice of appeal the defendant stated that the judgment in favor of the plaintiff "would have been final if rendered in favor of the appellant."

"The legislature in the Appellate Practice Act (*Code Ann.* § 6-701; Ga. L. 1968, pp. 1072, 1073), requires that: (1) the judgment must be final and, (2) the cause no longer pending in the court below in order to appeal. It then authorizes appeals from certain other judgments and upon the certification of the judge within ten days that a judgment not otherwise subject to direct appeal is of such importance to the case that immediate review should be had, then appeal is allowed from judgments that leave the cause pending." *Fife v. Johnston,* 225 Ga. 447 (169 SE2d 189). There is no certificate of the trial judge that a direct appeal is of such importance to this case that an immediate review should be had.

Since the contempt proceedings are still pending in the trial court and a final judgment had not been made, the appeal is not authorized under *Code Ann.* § 6-701.

*Appeal dismissed. All the Justices concur.*

SUBMITTED SEPTEMBER 10, 1969—DECIDED SEPTEMBER 29, 1969.

*Paul R. Koehler,* for appellant.

*Westmoreland, Hall & O'Brien, John L. Westmoreland, Sr., P. Joseph McGee,* for appellee.