## 26445. GENERAL TEAMSTERS LOCAL UNION NO. 528 et al. v. ALLIED FOODS, INC.

HAWES, Justice. Allied Foods, Inc., filed a verified complaint against General Teamsters Local Union No. 528, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and two named individuals. A judge of the Superior Court of Fulton County, on the 20th day of November, 1970, issued a temporary restraining order against the defendants, their agents, servants, employees and attorneys, and all persons acting in association with them. On December 8, 1970, before the date set for the hearing on an interlocutory injunction, the plaintiff filed a motion in the pending cause alleging specified violations of the temporary restraining order and praying that the union and named individuals be adjudged guilty of contempt of court and punished therefor. Pursuant to a rule nisi issued on that motion, a hearing was held in the Fulton Superior Court on December 21, 1970, and thereafter, on December 23, 1970, the judge before whom the hearing was held passed an order holding the union and two of the named individuals in contempt and assessing against them a fine. The appeal is from that judgment. *Held*:

Under the provisions of the 1965 Appellate Practice Act (Ga. L. 1965, p. 18 et seq.), in the absence of a certificate of immediate review, a judgment is not appealable unless it is a final one, or if it be a judgment of contempt it is appealable only after an application for discharge from contempt has been made. *Code Ann.* § 6-701. The sense of this provision is to require one adjudged to be in contempt, as a condition precedent to his appeal therefrom, to make a motion for discharge. Such a motion may

be made at any time. This is analogous to the requirement that a motion for new trial be made as a condition precedent to appeal and in this we perceive no constitutional objection. Accordingly, under the provisions of the Appellate Practice Act, the judgment in this case, being merely an interlocutory order adjudicating the union and certain individuals to be guilty of contempt, the case remaining pending in the trial court, the judgment is not an appealable one and the appeal must be dismissed. *Fulford v. Fulford*, 225 Ga. 510 (170 SE2d 27).

*Appeal dismissed. All the Justices concur.*
ARGUED APRIL 14, 1971—DECIDED JULY 9, 1971—
REHEARING DENIED JULY 30, 1971.

*Robert L. Mitchell, Kyle Yancey*, for appellants.
*Mitchell, Pate & Anderson, William M. Pate*, for appellee.

