## 27101. WALLACE v. GRAVES.

GUNTER, Justice. The appellant in this case was cited for contempt in the trial court for failure to comply with an alimony decree previously entered by the court. The trial judge found the appellant in contempt and, among other things, appointed a trustee for a trust established for minor children by the alimony decree and ordered the appellant to "fully comply with said trust agreement."

The appellant has appealed contending that the portion of

the alimony decree establishing the trust (an agreement between the parties was incorporated in the decree) is unenforceable, and that he should not be held in contempt for failure to comply with that part of the decree which is unenforceable.

The pertinent part of the alimony decree provided that the appellant's office building and equipment be placed in an irrevocable trust to be created by him for the benefit of his four minor children. It provided for the creation of the trust within two weeks, "provided that the parties hereto can agree upon a trustee or as soon thereafter as agreement is accomplished."

The appellant declined to agree upon a trustee and refused to create the trust. By an earlier contempt order the trial judge gave the appellant 10 days within which to agree upon a trustee, but if he did not do so, then he had five additional days to nominate a trustee, and should he fail to do that, then the court would appoint a trustee.

The appellant did not agree upon a trustee or nominate a trustee, so in the second contempt order, now appealed from, the court appointed a trustee.

Code § 108-302 provides that a trust shall never fail for the want of a trustee. And in *Bethel Farm Bureau v. Anderson,* 217 Ga. 529 (5) (123 SE2d 754) this court held that "a court of equity, in an exercise of its supervision and direction over and respecting trusts, on an application as here by the beneficiaries of such trust property, has jurisdiction and power to appoint trustees for such property and decree title in them as the trustees thereof."

It was therefore proper for the court to appoint a trustee in this case.

The decree created this trust for the use and benefit of appellant's minor children. Therefore, appellant's contention that no use is stated is without merit.

Another contention made here by the appellant is that the trust portion of the decree is too indefinite and uncertain to be enforceable. Code § 108-118 provides: "The relief granted, in cases of trust, will always be so moulded and

framed as to render the trust effectual, and secure the best interests of all parties."

The trust provided for in the alimony decree is enforceable.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 15, 1972—DECIDED APRIL 20, 1972.

*Fredericks, Jones & Wilbur, Jimmy W. Jones,* for appellant.

*Talmadge Woodman,* for appellee.