47020, 47021.   KISER et al. v. GEORGIA POWER COMPANY et al. (two cases).

PANNELL, Judge. In the present cases, a condemnation action for an easement on certain lands was brought, which named T. R. Kiser, the father, and Mrs. T. R. Kiser, the divorced wife and mother, and five of their children, as defendants, and after the judgment of condemnation the father and the children filed separate motions to distribute the funds which had been paid into court, the children, all sui juris, claim under a deed from the mother and a deed in settlement of support to the mother from the father. The father asserts title to the land through a claimed resulting trust from the support deed by him to the mother. On the hearing it appears that the husband and wife on August 9, 1948, entered into a voluntary separation agreement by which the land involved was conveyed by warranty deed to the wife alone as grantee "in settlement for claims for support for herself and her minor children" naming the five children defendants as minors, and three weeks later the husband returned home and supported his wife and family until 1954, when the wife sued for divorce, as a result of which a decree was entered for a lump sum payment to the wife and $40 per month child support for two of the children, still minors, which later was raised to $50 per month, and the wife and children continued to live in the

home on the land until 1956 when the house was burned, and in 1961 the father placed a trailer upon the land and moved thereon and has been living there ever since, and that until his children became self-sufficient or of age he supported them and in addition paid the child support provided in the divorce decree, and that the children had paid taxes on the property, and that the mother on January 19, 1971, by quitclaim deed had conveyed the lands to the five children with the understanding they would give her one-sixth of any moneys obtained by them from the condemnation. The trial judge ordered distribution of the funds, one-sixth each to the father and five children. The children appealed to this court in case No. 47020 and the father cross appealed in case No. 47021. *Held:*

1. The wife's individual interest in the property was terminated when she and her husband resumed cohabitation. *Code* § 30-217; *Kiser v. Kiser,* 214 Ga. 402 (105 SE2d 220). It follows that the quitclaim conveyance by her to the five children conveyed nothing.

2. After the wife and husband resumed cohabitation, the wife, under the deed to her, held the property in trust for the support of the minor children. See *Cohen v. Barris,* 220 Ga. 131, 132 (137 SE2d 469); *Stewart v. Stewart,* 217 Ga. 509 (5) (123 SE2d 547). The holding in *Kiser v. Kiser,* 214 Ga. 402, supra (decided in 1958), an action by the husband against the wife only, in refusing cancellation of the deed as "a conveyance for support of the children," does not hold to the contrary of what we hold here, as in that case it did not appear from the record whether the children were or were not of age, the court apparently assuming the children were still minors, the contrary not appearing.

3. Where a trust is expressly created, and the uses declared fail from any cause, a resulting trust is implied for the benefit of the grantor. *Code* §§ 108-106 (4), 108-110.

4. "The superior courts, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equita-

ble, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." *Code* § 37-901. "A defendant to any suit or claim in the superior court, whether such suit be for legal or equitable relief, may claim legal or equitable relief, or both, by framing proper pleadings for that purpose, and sustaining them by sufficient evidence." *Code* § 37-905. See also *Glover v. Stamps*, 73 Ga. 209, 214 (54 AR 870); *Manheim v. Claflin & Co.*, 81 Ga. 129 (7 SE 284).

5. We accordingly hold that the children all being of age at the time the condemnation action was brought and the property not having been consumed for their support or any charge for their support asserted against it, and the uses declared having failed, a resulting trust is implied for the benefit of the grantor husband and father and he would be entitled to the proceeds of the condemnation. Whether the children would be entitled to an accounting for the taxes on the property paid by them is not a question raised on these appeals. The judgment is therefore reversed on cross appeal.

6. The enumerations of error on the main appeal, other than those controlled adversely to the appellants therein by the preceding rulings are not supported by the record as having occurred. The judgment on the main appeal as to the alleged errors therein asserted is therefore affirmed.

*Judgment affirmed in Case No. 47020. Judgment reversed in Case No. 47021. Hall, P. J., and Quillian, J., concur.*

ARGUED MARCH 2, 1972—DECIDED JUNE 8, 1972— REHEARING DENIED JUNE 26, 1972—

*C. E. Thompson, Fredericks, Jones & Wilbur, Murphy & Murphy,* for appellants.

*D. B. Howe, Jr.,* for appellees.