## 27503. SHEPHERD v. FOSKEY.

UNDERCOFLER, Justice. The record shows that on June 11, 1968, Mrs. Travis Foskey was granted a divorce from Gerald Foskey; that an agreement between the parties providing for child support and the disposition of the home of the parties was incorporated in and made a part of the divorce decree. The agreement provided that the temporary and permanent possession of the house in which Mrs. Foskey was then living was awarded to her and the legal title to the house was awarded to the two minor children. The agreement also provided that the defendant "is to catch up and keep current all house payments on loans outstanding on said house, for any outstanding indebtedness on said house as of the date he executes warranty deed to said two minor children. . ."

On May 16, 1972, Gerald Foskey filed a motion against

Mrs. Travis Foskey Shepherd, his former wife, to set aside a portion of said divorce judgment because he contended that the portion of the judgment awarding the wife "temporary and permanent possession of the house" and the portion of the judgment providing that he should execute a warranty deed to the children "are mutually repugnant to each other, impossible of performance by the parties, illegal and, therefore, void on their face. The said 'award' of said title to said real estate being void, the direction that 'the defendant is to execute a warranty deed to the same to said children' is void."

Mrs. Shepherd filed a motion to dismiss the complaint on the basis that it was barred by the statute of limitation since the judgment sought to be set aside is more than three years old; that the complainant is seeking to set aside a judgment incorporating an agreement to which he consented and that he could not now be heard to attack such a judgment; that he has no legal standing to attack the portions of the judgment relating to title to the property awarded by the decree since he has been divested of all right, title and interest in the property and has no legal standing to complain of any alleged conflict.

The trial court held that the portions of the divorce decree awarding to the wife the permanent possession of the house and awarding to the children the legal title were void and were too vague and indefinite to convey any interest in the real estate; that at the time of the divorce decree the legal title to this property was vested in Adrian Housing Corp., the holder of the recorded security deed, and therefore the divorce court had no "jurisdiction of the subject matter of the legal title to said property or the person of the Adrian Housing Corp. at the time said final judgment was entered. Said parts of said judgment being void on the face of the judgment, it is ordered that the same are null and void and of no effect whatever." The appeal is from this judgment. *Held:*

■ The trial court erred in not granting the motion to dis-

miss the complaint because it was barred by the statute of limitation.

Section 60 (d) of the Civil Practice Act provides: "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings. To be subject to motion to set aside, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." Ga. L. 1966, pp. 609, 663 (*Code Ann.* § 81A-160 (d)); *Code* § 3-702.

Section 60 (f) of the Civil Practice Act provides: "A judgment void because of lack of jurisdiction of the person or subject-matter may be attacked at any time. Motions for new trial must be brought within the time now or hereafter prescribed by law. In all other instances, all motions, complaints or other proceedings to set aside or attack judgments shall be brought within three years from entry of the judgment complained of." Ga. L. 1966, pp. 609, 663 (*Code Ann.* § 81A-160 (f)).

The divorce decree was not void on its face because the holder of the security deed was not made a party to the divorce proceedings. "A divorce decree which determines the ownership of property as between the spouses or which awards property as between them is not binding or res judicata with respect to claims to or against the property involved or the spouses asserted by third persons who were not parties or in privity with the parties to the divorce proceedings, and whose rights were acquired prior to the commencement of the divorce proceedings, and it has been held that a divorce decree does not affect the title to land of either party as against strangers to the suit." 27B CJS 373, § 300 (2).

It follows that the holder of a security deed is not a necessary party to the divorce action even though the alimony and child support judgment awarded the title to the property. Compare *Moon v. Moon,* 222 Ga. 650, 653 (151 SE2d 714).

■ Since the trial judge erred in not granting the motion to dismiss the complaint for the reasons stated in the foregoing division, the other enumerations of error need not be decided.

*Judgment reversed. All the Justices concur.*
SUBMITTED OCTOBER 10, 1972—DECIDED NOVEMBER 9, 1972.

*Carl K. Nelson, Jr.,* for appellant.
*Joe W. Rowland,* for appellee.