## 28219. RAMSEY v. RAMSEY.

INGRAM, Justice. 1. The appellee insists we must dismiss this appeal because the order adjudging the appellant in contempt

of a final divorce decree was not an appealable order in that appellant made no application for discharge and the order was not otherwise certified for review. Appellee cites in support of this conclusion the following decisions of this court: *General Teamsters Local Union No. 528 v. Allied Foods,* 227 Ga. 830 (183 SE2d 374); *Eastland v. Candler,* 225 Ga. 585 (170 SE2d 422); and *Hickman v. Booker,* 229 Ga. 568 (192 SE2d 897). We have considered the appellee's contention and the briefs submitted on this question by both parties.

The earlier cases dealing with this matter have been reviewed by this court and are expressly overruled insofar as they require an application for discharge in contempt cases as a condition precedent for appeal. The reasoning used in these cases is that the provisions of Ga. L. 1965, p. 18, as amended by Ga. L. 1968, p. 1072 (Code Ann. § 6-701 (a, 3)) permit appeals in contempt cases only from a judgment involving an application for discharge. The statute states that appeals are authorized "from all judgments involving applications for discharge in bail trover and contempt cases." When the entire language of this portion of the statute is read, it is evident that we have interpreted the words "and contempt cases" to relate back to, and be qualified by, the language "judgments involving applications for discharge" as well as to the words "in bail trover" which immediately follow the language requiring applications for discharge. It is to be noted, however, that the latter requirement is not explicitly restated in the statute preceding the words "contempt cases." The use of the conjunctive word "and" between these two categories of cases suggests, moreover, in the context of the whole statute, that it was the intent of the legislature to separate these two types of cases in the statute so as to authorize an appeal in a contempt case without first requiring an application for a discharge.

We think the better view in contempt cases was alluded to by Justice Mobley in *Shepherd v. Shepherd,* 225 Ga. 455, 456 (169 SE2d 314), when he observed that "temporary alimony and contempt orders are appealable by direct appeal," citing Code Ann. § 6-701. We reach this conclusion after careful review of our earlier decisions and after a further consideration of the underlying purpose of the Act and the inherent distinction between bail trover cases and contempt cases. First of all, with respect to the purpose of the Act, we need only to turn to § 23 of the Act itself which states that it was adopted to provide a new

procedure for appeal and to that end the Act is to be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case except as specifically referred to in the Act. Code Ann. § 6-905. The construction of Code Ann. § 6-701 (a, 3) we here adopt is more consistent with the expressed intention of the Act. Secondly, it is noted that applications for discharge were previously commonplace and necessary in bail trover cases (where the defendant was incarcerated) in that the arrest of the defendant occurred through the plaintiff's efforts without any order from the court. Thus, an application to be discharged from the custody of the sheriff was necessary to bring the matter to the court's attention and if it were denied, then the order denying relief would be the subject of appeal. (The bail trover statute was declared unconstitutional in *Hall v. Stone,* 229 Ga. 96 (189 SE2d 403), subsequent to the enactment of the Appellate Practice Act.) The order adjudging a person in contempt means the trial court has passed upon the merits of the case and the order, in effect, is a final disposition of the contempt matter by that court, whether it involves an interlocutory order or a final judgment. There is no necessity for an application for a discharge in such case and probably no hope of getting one unless the trial judge is willing to change his mind. In most instances, the trial court is done with the matter and to require an application for discharge, as a condition precedent to appeal, is a useless formality and usually a futile and empty gesture. We do not require such a "double finding" by the trial court in other matters to authorize an appeal. Certainly, it is also unnecessary to require such a procedure in the general circumstance where a person is confined to jail under order of contempt and must there stay until his attorney can hastily prepare papers to apply for discharge, get the attention of a busy trial judge, and then secure a written order denying the application before he can appeal.

It might be asked why the drafters of this legislation included contempt cases in the provisions of § 6-701 (a, 3), when § 6-701 (a, 1) permits an appeal when the judgment is final. It is apparent that contempt cases were included separately because of their unusual nature and also because there are a number of contempt judgments based upon interlocutory orders where the main case is still pending in the trial court. In these instances, there is no final judgment in the case so as to authorize an appeal under §

6-701 (a, 1).

We conclude that, when properly construed in light of the stated purposes of the Act and the necessity found by the legislature to treat contempt cases as a separate category under the Act, the provisions of Code Ann. § 6-701 (a, 3) authorize the appeal of a trial court judgment adjudicating contempt without first making an application for discharge. Such an appeal may be taken from a contempt order irrespective of whether the order found to have been wilfully violated is an interlocutory order or a final judgment. We, therefore, decline to dismiss this appeal and turn now to the merits of the case presented for decision.

2. The appellant was adjudged in contempt for not making payments of $89.60 a month on a 1972 Kirkwood Mobile Home that is in the possession of the appellee. The judgment apparently found to have been wilfully violated provides as follows: " . . . Defendant (appellee) shall have the use and possession of the 1972 Kirkwood Mobile Home, located at Lot No. 89, 1943 Gordon Highway, Augusta, Georgia, together with all furnishings and equipment therein, until such time as she should remarry. Defendant shall have thirty days thereafter to vacate said mobile home, which she agrees to surrender, together with all furnishings and equipment therein, in as good a condition as when received, reasonable wear and tear excepted; (b) if, within a period of one year from this date, defendant (appellee) desires to assume the monthly payments of $89.60 thereon and agree to pay the remaining balance, plaintiff (appellant) will transfer his equity therein to defendant (appellee) . . . both parties are ordered to comply with all terms hereof and the property is hereby awarded pursuant to these terms."

No transcript of the evidence adduced at the hearing was included in the record forwarded to this court. The issue presented for decision is whether the above quoted language of the final divorce decree requires the appellant to make the payments of $89.60 a month on the mobile home to the mortgagee, Allen Parker Company. The trial court, in its contempt order, required the appellant to make the monthly payments in arrears and "to make all future payments of $89.60 a month as they become due until such time as the mobile home is paid for in full or the plaintiff (appellee) remarries."

It is quite evident that the language of the decree does not expressly require either party to make the monthly payments in question. The decree is silent as to the obligation of either

party to make these payments. If appellant is required to do so, it is by implication from the language which provides that if appellee at the end of one year desired to assume the indebtedness, appellant would transfer his equity to her. However, this language, which infers appellee was not obligated to pay the indebtedness during the period in which she has only the use and possession of the mobile home, does not mean appellant is required to make these payments. The only conclusion we can logically draw from the lack of express provision obligating either party is that, through oversight or inadvertence, this question was not provided for in the decree. As said by Justice Grice in *Moon v. Moon,* 222 Ga. 650 (151 SE2d 714), "It [the decree] made no provision for the husband to pay off the debt on this property awarded to the wife." That observation is appropriate in this case. If, in a divorce decree, it is intended to obligate a specific party to pay a sum of money, so that contempt is available to enforce it, the decree should clearly provide for it in plain and unmistakable terms. To require the appellant to make these payments under the language of this decree requires a strained interpretation. Simply because the appellee is not required to make these payments does not mean that the appellant is required to do so. We hold that neither party is obligated under the decree to make these payments. Of course, if they are not paid, the appellee will lose her use and possession of the property and the appellant will lose his equity in it. Nevertheless, since this problem was not confronted and solved at the time the final decree was taken, we cannot now solve it as between the parties. The present action required the trial court to enforce the decree as written. Thus, the trial court's effort in the contempt order to construe the decree so as to find that it requires the appellant to make these payments was unauthorized. To affirm this contempt order requires us to agree that substantial omissions in the final judgment rendered in the case may now be supplied. We cannot do so. Cp. *Fried v. Fried,* 208 Ga. 861 (69 SE2d 862).

*Judgment reversed. All the Justices concur.*

SUBMITTED AUGUST 24, 1973 — DECIDED OCTOBER 25, 1973 — REHEARING DENIED NOVEMBER 8, 1973.

*Bobby G. Beazley,* for appellant.
*Ernest V. Harris, Bettye H. Kehrer, John L. Cromartie, Jr.,*

for appellee.