## 28559. COLLINS v. COLLINS.

UNDERCOFLER, Justice. This appeal is from a judgment rendered by the trial court in a contested divorce case. *Held:*

1. The appellant husband contends that the trial court having tried the contested divorce case upon the facts without a jury was required by Code Ann. § 81A-152 (a) to make findings of fact and conclusions of law. Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171. The failure of the trial judge to make findings of fact and conclusions of law does not in this case affect the result reached and, therefore, if error, it was harmless.

2. The appellant husband contends that the trial court erred in granting a divorce on the ground of cruel treatment because the evidence is insufficient to show the wilful infliction of pain bodily or mentally upon the wife by the husband such as to reasonably justify apprehension by the wife of danger of life, limb or health. We do not agree with this contention. We have carefully reviewed the evidence in this case and it is sufficient to support the verdict.

3. The judgment provided that the defendant should pay child support in the amount of $25 per week until the child reached the age of 18 years, married or became self-supporting. As additional child support, the judgment provided that the father "shall transfer title to the following described real estate, to a trustee for the use, benefit, education and support of the child."

The appellant contends that the additional child support is void for uncertainty because it orders title to certain property to be transferred to a trustee and fails to name a trustee, the powers of said trustee, the duration of said trust, and the disposition of the trust property when and if the trust terminates. "A divorce court can not award any part of the father's property to his children." 24 AmJur2d 949, § 837. "He is not required to settle an estate upon them." *Clark v. Clark,* 228 Ga. 838, 840 (188 SE2d 487). However, under the provisions of Code § 30-207, the father is responsible for the support of his minor children and this may include providing for their education. *Fitts v. Fitts,* 231 Ga. 528; *Bateman v. Bateman,* 224 Ga. 20 (159 SE2d 387); and *Moody v. Moody,* 224 Ga. 13 (159 SE2d 394).

(a) The appellant here contends that the trust in this case is void for uncertainty because it does not name a trustee or enumerate his powers. There is no merit in this contention. In *Wallace v.*

*Graves,* 229 Ga. 82 (189 SE2d 447) this court held that a trust shall never fail for want of a trustee and that a court of equity has jurisdiction and power to appoint a trustee for trust property and decree title in him.

(b) The contention that the trust is void for uncertainty because it fails to state the duration of the trust is without merit. The trust was provided as additional child support and the previous provision of the decree stated that the $25 per week child support would continue until the child reached the age of 18 years, married or became self-supporting. Construing this trust provision with the other child support provision, we conclude that the trust property is to be used for the "use, benefit, education and support of the child" until he becomes 18 years of age.

(c) A trust for children during their minority established out of the husband's estate by decree of court in a divorce and alimony suit is not void for uncertainty because it does not provide for the disposition of the corpus when the trust terminates. The court has no authority to give the trust corpus to the children after they have reached majority and the uses have terminated. Therefore, by implication, the trust corpus here reverts to the husband. Code § 108-106 (4). See *Kiser v. Ga. Power Co.,* 126 Ga. App. 551 (191 SE2d 311).

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent from the ruling made in Division 1 and who concur specially in the ruling made in Division 3.*

SUBMITTED JANUARY 4, 1974 — DECIDED FEBRUARY 7, 1974.

*Wright, Walther & Morgan, Robert S. Walther,* for appellant.

*Harl C. Duffey, Jr., Robert J. Evans,* for appellee.

GUNTER, Justice, concurring and dissenting. The judgment in this case provided for a weekly payment for child support until the child reached the age of eighteen, married, or became self-supporting. The judgment further provided: "... As additional child support the defendant shall transfer title to the following described real estate, to a trustee for the use, benefit, education and support of said child, ..."

In this case the majority reasserts what the majority asserted in *Clark v. Clark,* 228 Ga. 838 (188 SE2d 487), as follows: " ... It is clear that the husband's responsibility for the support of his children does not extend to awarding them title to his property.

He is not required to settle an estate upon them." I dissented in the *Clark* case, stating: "I interpret these Georgia statutes as giving a divorce court authority to award support for children out of the property of the father, and it is my opinion that a jury by its verdict may divest the father of title to real estate and the decree based on such a verdict does transfer such real estate to the children for their maintenance and support."

In *Fitts v. Fitts,* 231 Ga. 528, this court upheld a judgment that required the husband-father to pay to a trustee the sum of $13,500 for the maintenance and support of his minor child. Mr. Justice Jordan and I dissented in *Fitts* on other grounds.

In the present case a judgment awarding real estate of the husband-father to a trustee for the support of a minor child is upheld. I agree that the judgment should be upheld. However, we now have what is, to me, a most illogical situation. The *Clark* case holds that a divorce judgment cannot award the husband's property to his children as support. *Fitts* and this case hold that a divorce judgment can award the husband-father's property to a trustee for the support of his minor child.

It seems to me that this is a distinction without a practical difference. Awarding such property to a trustee for the support of a minor child is essentially the same thing as awarding such property to a minor child for, by legal necessity, some party acting in the capacity of a trustee must hold and manage the trust property during a child's minority.

Code § 30-201 defines alimony as "an allowance out of the husband's estate." Code § 30-207 provides that the jury, on final verdict, may provide permanent alimony for the wife and may specify what amount the minor children shall be entitled to for their permanent support. I adhere to the position that I took in *Clark:* a divorce judgment can award property of the husband-father to minor children for their support.

I am authorized to state that Mr. Justice Ingram concurs in this special concurrence and I join his dissent.

INGRAM, Justice, dissenting. The special concurrence written by Justice Gunter in this case expresses my view with respect to the issues discussed therein. However, I do not join the judgment of affirmance as I believe Division 1 of the majority opinion is incorrect.

This is a contested divorce action tried by the court without a jury. There was a final judgment and decree but the trial court did

not make any findings of fact or state its conclusions of law. The majority hold that, if this were error, it was harmless error.

Section 52 (a) of the Civil Practice Act (Code Ann. § 81A-152 (a)) absolutely requires the trial court in a case of this kind to "find the facts specially and state separately its conclusions of law thereon." The fact that the trial court's failure to do so might not "affect the result reached" by the majority of this court in this case cannot excuse the admitted departure from the requirement of the statute. As stated by the Court of Appeals in the case of *Booker v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, 616 (194 SE2d 490), "Such action is mandatory and not discretionary. *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154). See also *Garrison v. Perkins,* 137 Ga. 744, 755 (74 SE 541)."

This case should be remanded with direction to the trial court to "find the facts specially and state separately its conclusions of law thereon" as required by the Civil Practice Act.

I am authorized to state that Mr. Justice Gunter concurs in this dissent.