## 51499. KIDD v. NATIONAL BANK OF GEORGIA.

BELL, Chief Judge.

This suit was originally filed as a complaint in equity against the respective defendants, Cherokee Savings & Loan and National Bank of Georgia, in which plaintiff sought to recover a sum of money that Cherokee was then holding as a stakeholder. Defendant Cherokee answered and moved for an order of interpleader which was granted and Cherokee deposited the disputed sum into the registry of the court. Defendant bank moved for a judgment on the pleadings and plaintiff moved for summary judgment. The motion of defendant bank was granted and the court also granted the bank a judgment for the money which had been paid into court. Plaintiff's motion was denied. All equitable issues have been eliminated and the sole issue on appeal is whether the defendant bank was entitled to the disputed fund as a matter of law. See *Sanders v. Carney,* 224 Ga. 429 (162 SE2d 351).

The following pertinent facts as shown by the pleadings are not in dispute.

Plaintiff and her then husband Courtney in 1966 purchased realty in Cherokee County, Georgia. A deed was delivered to them and duly recorded. In 1970, the defendant bank obtained a money judgment by default against Courtney, and the judgment was recorded in the Superior Court of Cherokee County as a lien against the realty. In 1972 plaintiff obtained a decree of divorce from Courtney which awarded her his interest in the above realty and it recited that the real property was in fact the property of the plaintiff and one half undivided interest was held by Courtney in trust for plaintiff. In January 1973, plaintiff sold the property to others and defendant

Cherokee withheld $2,682.84 from the proceeds of the sale. *Held:*

Plaintiff contends, in essence, that the judgment obtained in 1970 by the defendant bank could not affect the real property as her final decree stated that the realty was held only by him in trust for plaintiff. A divorce decree which determines ownership of property as between the spouses or which awards property as between them is not binding against claims against the property held by parties who are strangers to the suit and whose rights were acquired prior to the divorce decree. *Shepherd v. Foskey,* 229 Ga. 709, 711 (194 SE2d 110). This case controls here.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED NOVEMBER 3, 1975 — DECIDED JANUARY 9, 1976.

*Long, Weinberg, Ansley & Wheeler, Charles E. Walker, George H. Connell, Jr.,* for appellant.

*Schwall & Heuett, Donald J. Goodman,* for appellee.