## 34731. THOMPSON v. THOMPSON.

NICHOLS, Chief Justice.

Mrs. Thompson appeals from a judgment determining that Dr. Thompson is not liable for the indebtedness on their former home.

The jury's verdict in their divorce proceedings awarded the marital residence to Mrs. Thompson. Additionally, the verdict distributed certain personal property between the parties and gave Mrs. Thompson $500 per month as alimony and $500 per month as child support. The final judgment and decree were entered on the verdict.

Neither the verdict nor the judgment and decree mentioned the outstanding indebtedness of Dr. Thompson on the marital residence, although the jury had heard evidence that the residence was valued at $36,000, was subject to an outstanding indebtedness of $28,638, and that the monthly installment payments on the loan were $280. The jury also heard evidence that Mrs. Thompson had corporate stocks valued at $17,318.75, savings of $7,600 and a certificate enabling her to teach in the public schools. The jury may have concluded that Mrs. Thompson should pay the installments as they fall due.

Neither party is personally obligated by the divorce decree to pay the indebtedness on the house, although in the event of nonpayment of the periodic installments, the lender could foreclose the equity of redemption Mrs. Thompson received under the judgment and decree. *Moon v. Moon,* 222 Ga. 650 (151 SE2d 714) (1966); *Ramsey v. Ramsey,* 231 Ga. 334 (2) (201 SE2d 429) (1973). The judgment and decree did not impose upon Dr. Thompson an obligation to Mrs. Thompson to pay the loan

installments. Neither did it relieve Dr. Thompson of his obligations to the lender. If either party pays the loan installments, this alone does not give rise to a right to recover the paid installments from the other party. If neither party pays the installments, the lender may exercise whatever rights it may have under the loan instruments. *Ramsey v. Ramsey,* supra; *Buckley v. Buckley,* 239 Ga. 433 (238 SE2d 238) (1977); *Shepherd v. Foskey,* 229 Ga. 709, 711 (194 SE2d 110) (1972).

The judgment of the trial court is affirmed with direction that all language of the judgment purporting to relieve Dr. Thompson of his obligations on the loan be stricken.

*Judgment affirmed with direction. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

SUBMITTED MARCH 23, 1979 — DECIDED MAY 31, 1979.

*Gibson, McGee & Blount, Lamar Gibson,* for appellant.

*Leon A. Wilson, Ronald Thomas, Edwin Rozier,* for appellee.