### 35706. COTTS v. COTTS.

Undercofler, Presiding Justice.

The husband appeals the judgment entered in this divorce case claiming that certain matters added therein by the trial court were unauthorized by the verdict and must be set aside. We agree in part and reverse in part.

The jury's verdict provided that certain furnishings go to the husband, that the wife receive $500 per month alimony for three years and $1,500 per month child support with the husband to pay all of the children's medical expenses, and that the house be sold within three years, the parties splitting the equity.

The trial court's judgment, however, included additional provisions regarding the sale of the house which the husband contends are substantial changes and thus unauthorized. Code Ann. §§ 110-105, 110-106, 110-111, 30-118 and 37-1203. The additional provisions included requirements that the husband pay until the sale the ad valorem taxes, insurance and note on the residence, and for an appraiser, if necessary, should the parties not agree on a sale price, that the husband provide reasonable maintenance and structural repairs and half of any expenses for decorative and restorative work, that the wife have possession until the home is sold with the proviso that the husband not remove the furnishings awarded to him until such sale. The trial court also required the husband to pay for any special schooling or residential care needed for their handicapped son.

Whether the additions to the verdict are merely molding provisions, Code Ann. §§ 110-106, 37-1203,[1] or

---

[1]Code Ann. § 110-106 allows the trial court to "mould the verdict so as to do full justice to the parties," while

substantive additions, Code Ann. § 110-111,[2] is a question which must be answered on the basis of the pleadings and the evidence. *Moon v. Moon,* 222 Ga. 650 (151 SE2d 714) (1966); *Fried v. Fried,* 208 Ga. 861 (69 SE2d 862) (1952). We find that some of the added provisions are allowable; others, are not.

1. The verdict of the jury makes no mention of the taxes, note and insurance on the house. This issue is controlled adversely to the wife by our recent cases of *Thompson v. Thompson,* 243 Ga. 719 (256 SE2d 454) (1979), and *Ramsey v. Ramsey,* 231 Ga. 334 (201 SE2d 429) (1973). We find *Moon v. Moon,* supra, distinguishable on the basis that there both parties were awarded a divided share of the real estate involved. Thus, the court erred in providing these payments must be made by the husband.

2. Similarly, the court erred in requiring the husband to pay for an appraiser and for reasonable maintenance and structural problems until the house is sold. It is clear that the jury intended that the net proceeds of the sale be divided equally. Included in this figure, would be the expenses necessary to accomplish the sale. By the same token, therefore, the trial court did not err in requiring both parties to share the cost of decorating and restoring the house in order to obtain a better sale price. We reach this conclusion based on the extensive evidence presented to the jury on this issue.

To the same effect, we do not find that it was unreasonable to require the husband to leave the furnishings in the home until the sale is effected.

3. Since the wife and three children now live in the home, and in light of the fact that their twin daughters will be about eighteen in the three-year period provided by the jury's verdict, we hold that the evidence supports the court's conclusion that the wife have possession of the

---

under Code Ann. § 37-1203, it can "mould its decrees so as to meet the exigencies of each case."

[2]Code Ann. § 110-111 provides: "A verdict may be amended in mere matter of form after the jury have dispersed; but . . . it may not be amended in matter of substance. . ."

home until it is sold.

4. The trial court did not err in clarifying the jury verdict providing for special schooling or care expenses for the handicapped son. The jury asked questions which evidenced their concern with this question, and followed the court's advice that medical expenses could include medically indicated special education. That the trial court made this explicit in its judgment does not constitute a substantive change.

The trial court is ordered to strike the provisions requiring the husband to make the tax, note and insurance payments and to pay for an appraiser and maintenance and structural work. Otherwise, the judgment is affirmed.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Hill, J., who concurs in the judgment only and Marshall, J., who dissents.*

SUBMITTED DECEMBER 7, 1979 — DECIDED JANUARY 30, 1980.

*Jack P. Turner, John P. Wilson,* for appellant.
*Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead, Emily S. Bair,* for appellee.