## 37928. TODHUNTER v. PRICE.

HILL, Presiding Justice.

We remanded this divorce case for a jury trial on the issue of a resulting trust in *Price v. Price,* 243 Ga. 4 (252 SE2d 402) (1979). After the trial, the jury returned a verdict but the verdict was not reduced to judgment for over a year. Mrs. Price, now Todhunter, appeals from that judgment contending it does not conform to the jury's verdict. We granted the application to appeal. There is no cross appeal.

Mr. and Mrs. Price were married in 1972 and divorced in 1976 by judgment on the pleadings, reserving the issues of alimony and property division. Mrs. Price remarried and then amended her complaint to claim an interest by resulting trust in the 102-acre tract she and her husband purchased while contemplating marriage. *Price v. Price,* supra. At the jury trial, she contended that the property was purchased for $30,000, that she contributed nearly $13,000 of the purchase price from the sale of her home in Macon, that the money

was paid in July after they were married, and that the property was expressly understood to be theirs jointly, although title was in her husband's name for business reasons. The property was used for their home place as well as for the husband's business. She testified that she helped with her husband's business and managed the home and cleared and cared for about 7 acres around the home. References were made to a lake and shops and buildings on the land, one of which she contends was built using $1,500 in insurance proceeds she had received, but there was no evidence of where those structures were located. Part of the 102 acres, approximating 22 acres, had been sold as lots and she also sought one-half of about $30,000 in proceeds from these sales.

The husband denied that the money from the sale of her Macon house was given to him in order to purchase the property, claiming it was a repayment to him of money she had borrowed during their courtship and a contribution to the family's assets. He contended that he contracted to purchase the property before they were married on July 1, 1972, that he paid for the property on June 9, 1972, with $6,000 cash from his savings account and a $24,000 loan from the Federal Land Bank before she received the equity check from the sale of her Macon home on June 21, 1972, and that the property was his alone and no agreement to the contrary had ever been made. Evidence was also offered that the $24,000 loan had been refinanced with the Federal Land Bank on approximately 80 acres remaining after the lot sales and that $61,000 was currently owed on that debt. He further testified that all their money went into a common fund and that he supplied his wife and her two children by a former marriage with everything they needed, and that she did little to help with his business except maybe answer the phone.

By agreement of counsel the court instructed the jury that the wife was not seeking improved land. Upon hearing all the evidence the jury returned a verdict on February 21, 1979, awarding the wife "fifty per cent (50%) of the unimproved land, with access, subject to forty-five per cent (45%) of the indebtedness . . . to the Federal Land Bank." Neither party objected to the verdict at the time. The trial court entered judgment on September 19, 1980, awarding the wife 24.5 acres of unimproved land, after a survey that was not evidence in the case was submitted to the court by the husband.

1. We find no merit to the wife's complaint that the verdict is too vague and ambiguous to be enforced. Neither party objected to the verdict when it was returned by the jury. At that time the meaning and effect of the verdict must have been clear to the parties. If either party felt the verdict was vague and ambiguous, objection should have been made when the verdict was returned so that the jury could

clarify its meaning. See *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864(3) (198 SE2d 420) (1973); *Folds v. Reese,* 140 Ga. App. 291 (1) (231 SE2d 808) (1976). A verdict which is not as specific as it could be but which is capable of being reduced to judgment will not be set aside on appeal where no timely objection was made thereto. See Code § 110-105. Upon hearing an imprecise verdict rendered a litigant should not sit silently by, hoping to gain a retrial by failing to object. See *Ga. R. & Electric Co. v. Tompkins,* 138 Ga. 596 (9) (75 SE 664) (1912).

2. The evidence presented to the jury which resulted in their verdict showed that the original tract consisted of 102 acres, and that approximately 22 acres had been sold. The only evidence as to the acreage covered by improvements was the 7 acres at the home site, although there was evidence that a lake, shops and buildings were located on the land. The survey on which the court based its judgment labeled 24.3 acres as "improved land." Therein lies the discrepancy between the verdict and judgment of which the wife complains. There is no evidence to support the label on the husband's survey that the 24.3 acres is "improved land."

The trial court erred in considering the survey, which was neither part of nor in conformity with the evidence presented to, and thus contemplated by, the jury in rendering its verdict. Code Ann. § 110-111. See *Jenkins v. Vaughn,* 146 Ga. App. 801 (2) (247 SE2d 485) (1978). The jury's intent is reflected in the fact that it made the wife liable for 45% of the debt, which more nearly approximates her share of the tract if only 7 acres are considered improved. The judgment as entered would award the wife a third of the property burdened by 45% of the debt. The judgment must follow the intent of the jury in light of the pleadings and the evidence. *Moon v. Moon,* 222 Ga. 650 (151 SE2d 714) (1966); *Cotts v. Cotts,* 245 Ga. 138, 139 (263 SE2d 163) (1980). We therefore find that the trial court erred in entering the judgment upon the verdict. Upon remand the trial court should conduct a hearing to determine the locations of the "improved land" at the time of the jury verdict, should enter judgment declaring the improved land (the house and 7 acres, the buildings, etc.) thus identified to be the property of the husband, and may if necessary, enter judgment awarding the parties an undivided one-half interest in the remaining property. The parties may then seek partitioning. We find this procedure preferable to relitigating the resulting trust case before another jury.

3. We find no error in the admission of evidence of the personal finances of the wife or of child support received by the wife from a prior divorce decree. In view of the husband's defenses, this information was relevant to the course of dealing on financial matters

between the parties. Therefore, the trial court did not err in overruling the motion for a new trial.

Under division two above, the judgment is vacated and the case remanded for entry of judgment in accordance with the jury's verdict.

*Judgment vacated and case remanded with direction. All the Justices concur, except Clarke, J., disqualified.*

DECIDED NOVEMBER 4, 1981.

*O'Neal, Stone, Brown & Sizemore, Kice H. Stone, Martha C. Christian,* for appellant.

*Haygood, Lynch, Meincke & Waldrep, Kenneth R. Waldrep, Charles B. Haygood, Jr.,* for appellee.