## 39329. AYCOCK v. AYCOCK.

CLARKE, Justice.

This is an appeal from an order holding the appellant in contempt of a final judgment and decree in a divorce case for failure to comply with the provisions for child support.

The parties to this case were married in 1963; a jury trial was held in February of 1982 on the issues of alimony, property division and child support and a verdict and judgment were entered thereon. The form of the verdict and the framing of the verdict on child support are at issue in this appeal.

In its verdict the jury's only award of child support was the creation of a trust on two rental properties owned by the appellant, Mr. Aycock. The jury verdict provided that this interest "be held in trust for the purpose of paying child support, payable on a monthly basis, for the minor child, Patrick Aycock, until such time as he reaches majority. The jury recommends the court appoint a trustee other than either of the parties. At the time the child reaches majority, any interest or equity in the property shall revert to the defendant, Mr. Aycock."

The judgment entered by the court on this verdict provides that

Mr. Aycock's interest and title in the rental properties be held in trust for the benefit of the minor child. The parties are given 30 days to select a trustee by mutual consent and in the event of no agreement, each party was to present a co-trustee to the court. The judgment further provides that "the trustee shall have all the powers and authorities granted to them under the Code of Georgia and shall be directed and instructed to use and manage said property and shall pay to Plaintiff hereunder a sum monthly from the income and corpus of said estate for the support of said minor child. Trustee shall have the power to encroach upon the corpus of the trust for purposes of support." When the child reaches majority the judgment provides that the remaining corpus, if any, shall revert to the father.

On July 9, 1982, Mrs. Aycock brought an action for contempt alleging that Mr. Aycock had refused to name a trustee or co-trustee, and that no child support had been paid under the decree. She also prayed that the court appoint a temporary trustee to manage the property in accordance with the judgment. This petition was amended to ask the court to clarify the terms of the trust and set forth more specific guidelines for the trustee to follow in managing the property.

After a hearing on the issues the court found that appellant had orally advised his brother, David Aycock to act as trustee although this was not agreed upon by Mrs. Aycock or approved by the court. No trust instrument or deed had been drawn or filed. In response to inquiries by Mrs. Aycock regarding child support payments and the trust, David Aycock had written to her advising her that the appellant had initially instructed him to pay $50 per month and then to pay nothing.

The court found that the appellant has an undivided one-half interest in the properties at issue and that at the time of trial the total rental income from the entire properties was $600 per month which is now slightly higher due to an increase in the rental rates. It was shown by the appellant's evidence that taking into account the monthly mortgage payments, taxes, insurance, and additional maintenance costs and expenses associated with the properties there is little, if any, actual net income to be realized.

The court found that in setting up the trust the jury had clearly intended a monthly payment of child support. He further found that the amount intended by the jury was at lease one-half of the total rental income at the time of trial which was $300 per month and that if this minimum were not met the trustee was authorized to sell or encumber or otherwise dispose of the appellant's interest in order to make these payments.

The court appointed a trustee to manage the properties,

directed the appellant to execute the necessary deeds, directed the trustee to pay to Mrs. Aycock as child support $300 per month and in the event the gross income is insufficient the trustee was directed to seek direction from the court on encroachment upon the corpus. The court also ordered the appellant to keep current all payments for mortgage, taxes, insurance and all other expenses reasonably necessary to maintain the property for rental purposes.

The court ordered the appellant to pay arrearages totalling $1,800 for child support and awarded Mrs. Aycock $2,000 in attorney fees. He further ordered that should the appellate court hold the trust unenforceable as he molded it that a new trial as to child support must be held for the benefit of the minor.

Mr. Aycock appeals contending the court erred in appointing a trustee, exceeded its authority in setting the terms of the trust, thereby illegally modifying the decree and in awarding attorney fees and finding him in contempt.

1. The appellant first contends the court erred in appointing a sole trustee in derogation of the judgment requiring co-trustees should the parties be unable to agree on a trustee. We find no error. "A trust shall never fail for the want of a trustee." OCGA § 53-12-33 (Code Ann. § 108-302). The trial court is authorized to appoint a trustee when a party or parties fail to carry out the intendment of the verdict. *Wallace v. Graves,* 229 Ga. 82 (189 SE2d 447) (1972).

2. The appellant next contends the trial court exceeded its authority in placing obligations on him not referred to in the original decree and in making substantial modification of the final judgment. A trial court is authorized to mold its decrees "to do full justice to the parties," OCGA § 9-12-5 (Code Ann. § 110-106), and "to meet the exigencies of each case," OCGA § 23-4-31 (Code Ann. § 37-1203), although the law also provides that a verdict "may not be amended in matter of substance," OCGA § 9-12-7 (Code Ann. § 110-111).

In *Ramsey v. Ramsey,* 231 Ga. 334 (201 SE2d 429) (1973), relied upon by appellant, we reversed a contempt judgment ordering the husband to make mortgage payments on a dwelling in possession of the former wife because the decree was silent as to who should make the payments. We held that in a contempt action the dispute between the parties could not be resolved by supplying substantial omissions in the judgment. *Ramsey* was followed in *Thompson v. Thompson,* 243 Ga. 719 (256 SE2d 454) (1979), wherein the jury awarded the marital home to the wife as well as monthly alimony and child support but neither the verdict nor the judgment mentioned the outstanding mortgage on the property. We stated that the jury could have determined that the former wife was to assume the payments and held that under the decree itself neither party was obligated to

pay the indebtedness. There was no showing that the jury intended to impose an obligation on the husband to make any payments in favor of the wife other than the monthly alimony and child support payments.

In the present case we are not dealing with a final property settlement between the husband and wife but the creation of a trust of limited duration to provide support of a minor child. In *Wallace v. Graves,* supra, a trust was created for the purpose of child support and in a contempt action against the father for failure to create a trust the husband-father defended on the grounds that the trust provisions in the decree were too vague to be enforced against him. We held that trusts created in a divorce decree would be governed by the provisions found in OCGA § 53-12-6 (Code Ann. § 108-118), "The relief granted, in cases of trust, will always be so molded and framed as to render the trust effectual and to secure the best interests of all parties." Under the equitable powers of the superior court the judge was authorized to impose obligations upon the former husband to give effect to the trust and to hold him in contempt for failure to act.

Similarly in *Collins v. Collins,* 231 Ga. 683 (203 SE2d 524) (1974) (reversed on other grounds in *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471) (1975)), the verdict provided that certain real estate be transferred to a trustee for the benefit of a minor child. On appeal he contended the trust must fail because no trustee was named and the trustee's powers were not enumerated. These arguments were rejected and it was held that the court had power to appoint a trustee and that the property was to be used for the benefit of the child until majority at which time any remaining corpus would revert to the father.

In the case before us, the jury clearly intended to create a trust for the purpose of providing support for the minor child during his minority. They also intended that there be monthly payments from the trust for the use of the child. The husband having failed to take any substantive steps to set up the trust we find no error in the trial court naming a trustee and providing the necessary provisions to effectuate the trust for the purpose of providing monthly child support.

The appellant complains that the court was not authorized to require him to make payments on the note, taxes, insurance and other expenses because the decree is silent. However, we do not consider these provisions as imposing an obligation in an area where the decree was silent as in *Ramsey* and *Thompson* but rather obligations which are necessary and authorized in equity "to render the trust effectual." OCGA § 53-12-7 (Code Ann. § 108-423). The jury expressed an intent that the property continue to produce monthly rental income for

payment of monthly child support, and the verdict contains no requirement that the trust be obligated to pay expenses or pre-existing debts. This is important because the verdict does not award a fee simple interest to the trust. The trust takes a mere beneficial interest and Mr. Aycock retains a vested reversionary interest. The purpose of the trust would fail should the appellant fail to make the payments necessary to keep current on his obligations for his share of the debts, encumbrances and maintenance of the property. We do not find that the trial court erred in effectuating the trust which was established by the verdict.

The appellant complains that the order could be construed to mean that he is obligated not only for payments commensurate with his one-half share of the ownership but also that of his co-owner. We hold the court could only place obligations upon him in proportion to his total interest, which is on a one-half basis. Appellee concedes that appellant is only obligated to pay that portion of the obligations associated with his interest in the property.

3. We find no error in the holding that appellant was in contempt nor in the award of attorney fees. There was evidence to support the wife's allegations that he had wilfully refused to create a trust and wilfully avoided all child support. Attorney fees in an action for nonpayment of alimony and child support are within the discretion of the trial court. *Kight v. Kight,* 242 Ga. 563 (250 SE2d 451) (1978); OCGA § 19-6-2 (Code Ann. § 30-202.1). Appellant relies on *Keith v. Keith,* 248 Ga. 819 (286 SE2d 434) (1982), and *Smith v. Smith,* 244 Ga. 230 (259 SE2d 480) (1979), which hold that attorney fees are not allowable where the contempt involves child custody or visitation rights because OCGA § 19-6-2 (Code Ann. § 30-202.1) only applies in contempt for failure to pay alimony and child support. He contends that failure to create a trust is not failure to pay child support. In this case we find that the failure to create a trust for the stated purpose of providing monthly child support payments falls within OCGA § 19-6-2 (Code Ann. § 30-202.1) and therefore attorney fees were authorized.

4. The appellant contends the court erred in holding him in contempt for failure to pay sums found due and owing and in ordering him to pay a supersedeas bond. Since we affirm the judgment and these sums have been paid by the appellant, these issues are rendered moot. *Griggs v. Griggs,* 234 Ga. 451 (216 SE2d 311) (1975); *Gabriel v. Gabriel,* 219 Ga. 290 (133 SE2d 25) (1963).

*Judgment affirmed. All the Justices concur, except Bell, J., disqualified and Gregory, J., not participating.*

DECIDED JUNE 7, 1983.

*Robert G. Wellon,* for appellant.
*Jones, Ludwick & Malone, Taylor W. Jones, Steven W. Ludwick, Timothy R. Brennan,* for appellee.